James M. Begis, Appellant, *v.* Industrial Board of the Department of Labor and Industry, Appellee.

Argued June 4, 1973, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Frank A. Collins,* with him *Collins and Collins,* for
appellant.

*Barbara J. Bethune,* Assistant Attorney General,
with her *Charles S. Solit,* General Counsel, for appel-
lee.

Opinion by Judge Blatt, August 16, 1973:

James M. Begis was a certified elevator inspector
employed by the Commonwealth when a letter, dated
August 2, 1972, was mailed to him from the Industrial
Board of the Department of Labor and Industry
(Board). This letter read in pertinent part as follows:

"If you are desirous of retaining your certificate of
competency as an elevator inspector in the Common-
wealth of Pennsylvania, you are hereby instructed to
appear before the Industrial Board at a meeting sched-

uled for Wednesday, August 23, 1972 at 10:15 A.M. This meeting will be held in Room 1408 of the Labor and Industry Building, Seventh and Forster Streets, Harrisburg, Pennsylvania.

"Failure to appear before the Industrial Board at this meeting will necessitate the revocation of your elevator credentials and license.

"Kindly advise."

Begis appeared before the Board as instructed and was told that he was being charged with having made or approved improper inspections. He appeared without counsel, and at no time attempted to exercise or was given notice of, his right of cross-examination.

On August 24, 1972 another letter was sent to Begis from the Board informing him that his commission as an elevator inspector was being revoked. This letter contained no findings of fact nor conclusions of law, and actually gave no indication whatsoever as to the reason for the Board's action. Thereafter Begis, now represented by counsel, requested that the Board reconsider its action, and, when this request was denied, he appealed to this Court. We must reverse and remand the matter to the Board.

We agree with Begis in his contention that he was denied due process of law, in that he failed to receive proper notice of the Board's hearing. "There can be no doubt that the constitutional guarantee of due process of law is as equally applicable to administrative proceedings as it is to judicial proceedings." *Gaudenzia, Inc. v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 355, 360, 287 A. 2d 698, 701 (1972). *See Taylor v. Weinstein,* 207 Pa. Superior Ct. 251, 217 A. 2d 817 (1966); *Armour Transportation Company v. Pennsylvania Public Utility Commission,* 138 Pa. Superior Ct. 243, 10 A. 2d 86 (1939). "[D]ue process of law is afforded when (1) the 'accused' is informed with

reasonable certainty of the nature of the accusation lodged against him, (2) he has timely notice and opportunity to answer these charges and to defend against attempted proof of such accusation, and (3) the proceedings are conducted in a fair and impartial manner." *Pittsburgh Press Employment Advertising Discrimination Appeal,* 4 Pa. Commonwealth Ct. 448, 457, 287 A. 2d 161, 166 (1972). In addition, Section 31 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.31,[1] provides in part: "No adjudication shall be valid as to any party unless he shall have been afforded *reasonable notice* of a hearing and an opportunity to be heard." (Emphasis added.) It seems amply clear that the "notice" accorded to Begis in no way met the above standards. The letter sent to Begis on August 2, 1972 did not alert him to the exact charges against him nor did it inform him as to the basis for any such charges. While it is true that an earlier letter to Begis from the Board had concerned his inspections, neither letter gave him any indication whatever that charges had been brought against him because of such inspections, nor were any such charges listed. For notice to be adequate, it must at the very least contain a sufficient listing and explanation of any charges against the "accused" so that he can know against what charges he must defend himself if he can. The Board's letters did not meet such requirements.

The Board's letter of August 24, 1972 revoking Begis' license is also defective in notifying Begis of the Board's action in his case. Section 34 of the Administrative Agency Law, 71 P.S. §1710.34, provides in part: "All adjudications shall be in writing, shall contain findings and the reasons for the adjudication, and shall

---

[1] The Board is made subject to the Administrative Agency Law by Section 51(a)(36), 71 P.S. §1710.51(a)(36).

be served upon all parties or their counsel personally, or by mail." The letter notifying Begis of the Board's adjudication[2] not only contained no findings of fact nor conclusions of law, it did not even indicate the reason for which Begis' commission was revoked. It is clear that "where an administrative agency, pursuant to delegated power, promulgates an order, definitive, basic findings of fact are essential to the validity of its action, and such findings must be sufficiently specific to enable the court in reviewing that action to pass upon questions of law. . . . Failure to make the requisite findings is a violation of due process." *Gottshall v. Batt,* 71 Dauph. 383, 399 (1958). *See McKinley v. State Board of Funeral Directors,* 5 Pa. Commonwealth Ct. 42, 288 A. 2d 840 (1972); *D'Anjolell v. State Board of Funeral Directors,* 3 Pa. Commonwealth Ct. 64, 280 A. 2d 123 (1971); *Water and Power Resources Board v. Jones,* 70 Dauph. 284 (1957).

In view of the fact that the Board's action was in violation of the Administrative Agency Law and was lacking in due process, we must set the decision aside and remand the matter to the Board for further action and disposition. Where, as here, an administrative body has not afforded a fair hearing or has made invalid or inadequate findings of fact, a remand for further administrative action is necessary for the fulfillment of the administrative process. *See Shellem v. Springfield School District,* 6 Pa. Commonwealth Ct. 515, 297 A. 2d 182 (1972); *State Real Estate Commis-*

---

[2] The letter was an "adjudication" because it comes clearly within the definition set out in Section 2(a) of the Administrative Agency Law, 71 P.S. §1710.2. It was a "final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges or obligations. . . ." of Begis. *See McKinley v. State Board of Funeral Directors,* 5 Pa. Commonwealth Ct. 42, 288 A. 2d 840 (1972), and cases cited therein.

*sion v. Bewley,* 1 Pa. Commonwealth Ct. 85, 272 A. 2d 531 (1971); *Pennsylvania State Athletic Commission v. Bratton,* 177 Pa. Superior Ct. 598, 112 A. 2d 422 (1955).

For the above reasons, therefore, we issue the following

### ORDER

Now, August 16, 1973, the order of the Industrial Board revoking the commission as an elevator inspector of James M. Begis is hereby reversed and the record is remanded to the Board for further proceedings consistent with this opinion.