City of Pittsburgh Civil Service Commission, Appellant, *v.* William Beaver, Appellee.

Argued November 9, 1973, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*Eugene B. Strassburger, III,* Executive City Solicitor, with him *Ralph Lynch, Jr.,* City Solicitor, for appellant.

*James B. Brown,* with him *Rothman, Gordon, Foreman* and *Groudine,* for appellee.

OPINION BY JUDGE BLATT, March 1, 1974:

William Beaver was employed by the City of Pittsburgh (City) for 37 years when, on May 25, 1971, he received a letter from William Edkins, the Acting Director of the City's Department of Public Works, informing him that he was being dismissed from his posi-

tion as a Street Maintenance Supervisor. Beaver petitioned the City Civil Service Commission (Commission) to order Edkins to supply a more specific and detailed statement of the charges on which his dismissal was based. The Commission did so order and on June 11, 1971 Edkins again sent Beaver a letter advising him of his dismissal because he was unable effectively to perform the duties of his position. This time, however, charges were specified as follows: (1) Beaver was unable to coordinate and direct the activities of personnel under his supervision; (2) during working hours some of Beaver's men were found either unoccupied or playing cards; (3) personnel and equipment subject to Beaver's direction were observed unoccupied during working hours; (4) the streets in Beaver's division were littered with debris and in need of maintenance; and (5) 560 complaints, which had been received from the Mayor's Service Center regarding Beaver's division had not been corrected.

Beaver replied to these charges by letter, but Edkins imposed the dismissal. Beaver then appealed again to the Commission, which heard evidence on the matter and upheld the dismissal. Thereafter he appealed to the Court of Common Pleas which, without taking any additional evidence, reversed the action of the Commission and ordered Beaver reinstated with back pay. The City has now appealed to this Court.

Beaver's dismissal was governed by Section 20 of the Act of May 23, 1907, P. L. 206, 53 P.S. §23453, which provides in pertinent part: "No officer, clerk, or employe, in the competitive class or in the non-competitive class of the classified civil service of any city of the second class, who shall have been appointed under the provisions of this act, or of the rules made pursuant thereto, shall be removed, discharged, or reduced in pay or position except for *just cause,* which shall not be religious or political. Further, no such

officer, clerk, or employe shall be removed, discharged, or reduced, except as provided in section eight of this act, until he shall have been furnished with a written statement of the reasons for such action, and been allowed to give the removing officer such written answer as the person sought to be removed may desire. . . ." (Emphasis added.)

"All that the law requires is that the cause be not religious or political, but concerned solely with the inefficiency, delinquency or misconduct of the employe. A wide latitude must be left to the superior officer —in fact, a discretion conditioned only on its exercise in good faith and not as a screen for some reason not based upon the fitness of the employe to fill the position. . . ." *Gretton v. Pittsburgh,* 344 Pa. 219, 222, 25 A. 2d 351, 352 (1942). What constitutes ample cause for dismissal is largely a matter of discretion for the superior officer, provided, however, that such cause is personal to the employe and is such as to render him unfit for the position he occupies. *Raffel v. Pittsburgh,* 340 Pa. 243, 16 A. 2d 392 (1940).

The burden here, of course, is on the City to establish by substantial evidence that the charges against Beaver were valid and that there was just cause for his dismissal. The City presented evidence to the Commission which ostensibly established that Beaver used an employe as a private chauffeur, loafed continually at a private garage and permitted City employes under his supervision to perform private work. Beaver objected, however, that these actions were not included among the charges brought against him and should not have been admitted. It is true that a dismissed employe is entitled to reasonable notice of the charges against him by way of a written statement of charges so that he will have sufficient opportunity to answer such charges, and, although the required notice need

not be drawn with the certainty of a bill of indictment,[1] the employe must be informed thereby of the substance of the charges against him. Here we must agree with the court below that Beaver was not given sufficient notice of these particular charges and it would, therefore, be improper to consider them in determining whether or not there is sufficient evidence to support his dismissal.

The Commission's findings, however, were also based essentially on Edkins' testimony that, after a thorough examination of all divisions in the City, he had come to the conclusion that Beaver had not been performing his job adequately. This allegation was supported by Edkins' own observations as well as by evidence of the number of complaints involving Beaver's division which had been received but not acted upon or corrected, a number over twice as large as in any other division. Edkins has a certain amount of expertise in this area and, as supervisor, he has considerable discretion in determining whether or not there was ample cause for dismissal. *Cf. Raffel, supra,* Edkins' extensive testimony as to the condition of the streets in Beaver's division, especially as compared with the condition of streets in other divisions, supports the charges against Beaver and provides a basis for his dismissal. It was clearly Edkins' duty to evaluate his subordinates and great weight must, therefore, be given to his evaluation, which has been further supported by the evidence of the large number of complaints which had gone uncorrected in Beaver's division. A number of witnesses did testify on behalf of Beaver and attested to the fact that he was doing an outstanding job, but it is for the Commission and not this Court to evaluate conflicting testimony. There was substantial evidence

---

[1] *Johnston Appeal,* 181 Pa. Superior Ct. 448, 124 A. 2d 652 (1956).

on which the Commission could have upheld Beaver's dismissal, and we cannot hold it in error for so doing.

For the above reasons, therefore, the order of the court below is reversed and the order of the Commission dismissing William Beaver is hereby reinstated.