Allegheny County, Allegheny County Health Department, Appellant, *v.* Frank J. Ligons, Appellee.

Argued November 8, 1974, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Wayne Gerhold,* with him *David A. Brakoniecki,* Special Assistant County Solicitor, and *Stephen A. Zappala,* County Solicitor, for appellant.

*John F. Ploeger,* with him *Truel & Ploeger,* for appellee.

*Michael A. Donadee* and *Katherine L. Hagg,* as amicus curiae.

OPINION BY JUDGE KRAMER, December 16, 1974:

This is an appeal filed by Allegheny County and the Allegheny County Health Department (ACHD) from

an order of the Court of Common Pleas of Allegheny County dated April 24, 1974, reversing an adjudication of ACHD and directing certain withheld rent to be returned to Frank J. Ligons (Ligons).

On and before May 16, 1973, Ligons owned a building located at 5415 Claybourne Street in the City of Pittsburgh. The building was inhabited by a tenant (Mike Burroughs) under an oral lease at a monthly rental of $175. On May 16, 1973, Mrs. Josephine Davis (Davis), a health inspector for ACHD, inspected the building and found numerous violations of the ACHD Rules and Regulations. On May 22, 1973, ACHD certified the building as unfit for human inhabitation and qualified it for rent withholding pursuant to the Rent Withholding Act, Act of January 24, 1966, P. L. (1965) 1534, *as amended*, 35 P.S. §1700-1 (Supp. 1974-1975). The record is not clear concerning when notice of this certification was mailed, but it is clear that the notification was sent to Robert B. Truel, Esq. (Truel), an attorney practicing law in Allegheny County. The notification was sent to Truel because a lady (who was not identified for the record) present on the premises at the time of the May 16, 1973, inspection told Davis that Truel collected the rents. A second inspection was made on May 30, 1973, and another notice was sent to Truel. On July 24, 1973, Davis inspected the building and determined that it was unoccupied.[1] Another inspection was made on August 3, 1973, but this inspection involved only the building's exterior. After this inspection ACHD learned that the owner of the property was Ligons and therefore, on August 17, 1973, notice was sent to Ligons which he received on August 22, 1973. Further inspections were made on September 12 and October 5 of 1973, which revealed that the structure was still unoccupied. Finally another inspection was

---

[1] The record does not disclose exactly when the tenant vacated the property.

made on November 20, 1973, which disclosed that the building had been razed.

As a result of the ACHD determination made in May of 1973, the rent for the months of May and June 1973, in the total amount of $350, was paid into an escrow account under the provisions of the Rent Withholding Law, 35 P.S. §1700-1 (Supp. 1974-1975). On December 5, 1973, ACHD made a determination that the withheld rent should be returned to the tenant, and on December 18, 1973, Ligons received notice of that determination. Ligons requested a hearing before ACHD, which was granted. In its adjudication, the ACHD determined that the withheld rent should be returned to the tenant. Pursuant to the Local Agency Law, Act of December 2, 1968, P. L. 1133, *as amended*, 53 P.S. §11301 et seq., Ligons filed an appeal which was heard de novo before the court below. After hearing, the lower court entered an order which reversed the adjudication of ACHD and ordered the withheld rent to be returned to Ligons. The lower court decided that the Rent Withholding Law, 35 P.S. §1700-1 (Supp. 1974-1975) was not applicable in this case because the building was razed and thus could not possibly be certified fit for human habitation.

In its appeal to this Court, ACHD argues that the lower court erred as a matter of law in its interpretation of the Rent Withholding Law, 35 P.S. §1700-1 (Supp. 1974-1975). We need not reach that issue, however, because it is clear from the record that Ligons was never given proper notice of the inspection and certification until August 22, 1973, months after the rent was withheld.

We have held in other cases that local regulatory agencies must provide to any party charged with a violation of the law the same due process protection provided citizens in any other kind of legal action. *See Begis v. Industrial Board of the Department of Labor and Industry*, 9 Pa. Commonwealth Ct. 558, 308 A. 2d

643 (1973); *Pittsburgh Press Employment Advertising Discrimination Appeal*, 4 Pa. Commonwealth Ct. 448, 287 A. 2d 161 (1972). In this case, the burden was upon ACHD in the de novo hearing before the court below to prove all of the elements, both procedural and substantive, necessary to support its adjudication. One of these elements certainly was notice. The testimony of Davis, the health inspector, indicates that she accepted the word of an unidentified lady, present on the premises, that the rent was paid to Truel. On the basis of this information, Davis apparently concluded erroneously that Truel was the owner of the property. Davis admitted that it was not until August of 1973, that she learned that the owner of the property was not Truel, but rather Ligons. She stated that she was advised of the error by Truel himself. She then investigated County records and determined that Ligons was the true owner and the party to whom notice should have been given. She immediately thereafter sent notice to Ligons. We hold that under these facts clearly set forth in the record, ACHD had no authority to order the withholding of the rents until after notice was given to Ligons, the owner of the subject property. It naturally follows then that the rentals withheld were improperly held in escrow and therefore must be returned to Ligons. In view of this holding, we need not pass upon the other issue presented and therefore, the order of the court below is affirmed.