Robert D. Benjamin, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

Argued January 10, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*John W. Ford,* for appellant.

*Craig T. Stockdale,* Assistant County Solicitor, with him *Stephen A. Zappala,* County Solicitor, for appellee.

OPINION BY JUDGE ROGERS, February 13, 1975:

This is the appeal of Robert D. Benjamin from an adjudication and order of the State Civil Service Commission sustaining his suspension and removal from the position of Supervising Sanitarian, regular status, with the Allegheny County Health Department.[1]

---

1. Section 212 of the Civil Service Act, *as amended,* Act of August 5, 1941, P.L. 752, 71 P.S. §741.212 (Supp. 1974-1975) au-

Mr. Benjamin served as a supervisor in a rodent control program in Allegheny County, sponsored jointly by the County and the Commonwealth. From August 1, 1972 until June 15, 1973, the period during which the actions resulting in his suspension and removal from his civil service position allegedly occurred, he worked out of an office in the Borough of Braddock.[2] By successive letters of the County Health Department dated September 10, 1973 and September 19, 1973, the appellant was first suspended and then removed from his civil service position. The following reason, or charge, was provided for these actions: "The suspension action and the termination were taken as a result of an investigation which indicates dishonesty on your part in connection with your work. You were assigned a County car for use on County business in the State Rodent Control Project. At the same time, you continued to charge Allegheny County mileage reimbursement for use of your privately owned car in County business when, in fact, you were using the County owned vehicle."

After appellant's timely appeal, a hearing was conducted, at which both sides presented extensive testimony and documentary evidence. Subsequently, the Commission upheld the suspension and removal and Mr. Benjamin appealed to this court.

Our review is limited to determinations of whether the Commission's adjudication is consonant with the law, constitutional rights have been observed and necessary

thorizes the extension of the services of the State Civil Service Commission to departments of political subdivisions of the State. The use of the State Civil Service Commission's services in civil service matters involving the Allegheny County Health Department was the subject of a written agreement between the County and the Commission.

2. Mr. Benjamin was transfered from the rodent control program to other duties with the County Department of Health on June 15, 1973.

findings are supported by substantial evidence. *Fleming v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 421, 319 A.2d 185 (1974).

Appellant first argues that the notices of suspension and removal failed to set forth the charges against him with specificity sufficient to satisfy the requirement of due process, complaining of the absence of notice of specific times, dates and places of his alleged wrong-doings. While the suspension or removal notice must be framed in a manner which enables the employee to discern the nature of the charges and to adequately prepare his defense *(Begis v. Industrial Board of the Department of Labor and Industry,* 9 Pa. Commonwealth Ct. 558, 561, 308 A.2d 643, 645 (1973) ; *See* 4 Pa. Code §105.3), it need not be drafted with the certainty of a bill of indictment. *City of Pittsburgh Civil Service Commission v. Beaver,* 12 Pa. Commonwealth Ct. 353, 357, 315 A.2d 672, 674 (1974). Due process of law is afforded when the employee is informed with reasonable certainty of the substance of the charges against him. *Pittsburgh Press Employment Advertising Discrimination Appeal,* 4 Pa. Commonwealth Ct. 448, 457, 287 A.2d 161, 166 (1972). The notices here given sufficiently informed the appellant that he was charged with obtaining reimbursement for claimed use of his private automobile when he was not using that vehicle but was using one provided by the County.

The appellant also contends that certain evidence adduced at the hearing constituted new charges of which he had no prior notice. We agree with the Commission that this evidence did not charge new offenses but that it was relevant to and tended to prove the offense charged.

Appellant finally contends that the County Health Department Commission's central finding that the appellant did not use his private automobile to the extent

for which he claimed and received reimbursement is not supported by substantial evidence.

Under the rules of the Commission, the Health Department, as appointing authority, had the duty to go forward with proof justifying its action and, in so doing, to establish a prima facie case for removal. 4 Pa. Code §105.15(a). *See McClelland v. State Civil Service Commission,* 14 Pa. Commonwealth Ct. 339, 322 A.2d 133 (1974). In support of its charge that Mr. Benjamin was receiving reimbursement for use of his private car when he was, in fact, using the county car, the Health Department offered the testimony of eleven witnesses and reimbursement vouchers, gas charge slips and staff and work crew reports. From this evidence it was shown that appellant's duties involved training workers, overseeing the work of the rodent control crews in the field, and establishing relations with communities in which the program was needed. He had access at all times to a county car for any work he was required to do in the field. He was however authorized to use his private car when necessary. The appellant submitted reimbursement vouchers for use of his private car on almost every work day during the August 1, 1972 to June 15, 1973 period. The vouchers claimed 800 miles of private car use per month. The odometer of the county vehicle showed that he also put 800 miles on the county car monthly. These figures were not disputed by appellant who sought to explain them by his assertion that it was his daily practice to drive the county car to work, park it in a garage near his office and use his private car for work.

County Health Department witnesses testified to seeing Mr. Benjamin in the field in the county car at locations and on days for which appellant submitted mileage reimbursement vouchers for use of his private car in going to the same place. The foreman of one of the work crews supervised by Mr. Benjamin testified that he saw appellant in the field only infrequently, but always in a

county car. Mr. Benjamin's immediate supervisor testi-
fied that he observed appellant using his private car for
work on only one occasion during the entire period when
the county car was available to and used by the appellant.
The supervisor and other Department employees testi-
fied that the destinations recorded by Mr. Benjamin on
his reimbursement vouchers often were places where his
crews were not working on the days indicated. The ap-
pellant submitted vouchers for a vacation day and a
sick leave day for which he provided no explanation.

When first confronted by his supervisor on the sub-
ject of his apparently excessive claims for reimbursement
the appellant, according to the supervisor and another
witness, explained that he submitted automobile expense
vouchers in order to obtain reimbursement of personal
money spent for supplies needed in the program. He was
told this was an unsatisfactory explanation for charges
averaging about eighty dollars monthly. At a second
meeting several days later the appellant justified the
claims by stating he did, in fact, use his private auto-
mobile but for the purpose of conducting secret surveil-
lance of the work crews under his charge.

The County Health Department established that
under Department rules, private car mileage reimburse-
ment vouchers were required to be approved by his
supervisor's fixing thereon of the latter's initials.[3] The
appellant knew of this rule and had observed it in the
past. During the period August 1, 1972 to June 15, 1973,
however, he affixed his own initials and failed to submit
them to his supervisor for approval and initialing. These
deficient vouchers passed unnoticed through the offices
of the County Health Department. The appellant's ex-
planation for his disregard of the Department's rule was

---

3. Procedure 3-B of the Health Department reads as follows:
"Before forwarding an expense voucher to the Accounting Division,
employees must submit it for review, approval and initialing by
their administrator or supervisor."

his asserted belief that he possessed authority to approve his own vouchers and that his practice of doing so, once commenced, was not thereafter challenged.

The appellant's testimony denying part and explaining the rest of the Department's evidence, if it had been believed, may have supported a finding in his favor. However, credibility of the witnesses, the resolution of conflicts in the testimony, and the drawing of inferences, are for the Commission. We may not weigh the evidence or substitute our judgment for that of the Commission when, as here, its essential findings are, as we have concluded in this case, supported by substantial evidence. *Commonwealth of Pennsylvania, Department of Revenue v. State Civil Service Commission and Ladner,* 12 Pa. Commonwealth Ct. 400, 316 A.2d 676 (1974).

### ORDER

AND NOW, this 13th day of February, 1975, the appeal of Robert D. Benjamin be and it is hereby dismissed; and the order of the State Civil Service Commission sustaining the appellant's suspension and removal is affirmed.