Commonwealth of Pennsylvania, State Civil Service Commission, Appellee, *v.* Albert E. D'Amico, Appellant.

Argued March 7, 1975, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Richard H. Galloway*, with him *Ackerman & Galloway*, for appellant.

*Hubert B. Barnes*, with him *Stephen M. Sokol*, Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, April 11, 1975:

Albert E. D'Amico has appealed from an order of the State Civil Service Commission dismissing his appeal from his suspension[1] by the Department of Justice from the position in the classified service of Drug Investigator, III, regular status.

We are required to affirm the Commission's adjudication unless it is not in accordance with law, constitutional rights were violated or necessary findings of fact are not supported by competent evidence. It is the duty of the Commission, not this court, to determine the credibility of witnesses and the weight to be given to evidence. *Angel v. State Civil Service Commission*, 9 Pa. Commonwealth Ct. 582, 309 A.2d 69 (1973).

The appellant's suspension, in the words of the notice provided him, was "occasioned by the revelation of certain facts generated by an ongoing investigation, tending to establish that you were involved in falsifying and concealing facts material to drug investigations and prosecutions by the Bureau" [of Drug Control]. The appellant contends that the Commission findings that he directed persons under his supervision to make false reports relating to payments for drug purchases and with regard to investigations under his charge are not supported by competent evidence. We disagree.

---

1. D'Amico did not appeal from his subsequent removal from the service for the same cause asserted for suspension, his counsel declaring at the Commission hearing that this personnel action would be tested in "another forum."

The record demonstrated that the appellant had in his charge a Richard Sears, an undercover informant temporarily working with the Bureau, and one Anthony Iorio, a state narcotics agent regularly employed by the state. Commission policy required that a state agent should maintain surveillance of an informant's activities. On two occasions the appellant directed Iorio, the agent, to report in writing that he had observed the informant purchasing drugs, when, to the appellant's knowledge, the agent had not been present at these events. The agent complied.

The incident which led to the Commission's finding that false reports of payments for drugs grew out of the failure of a street drug seller to deliver pills for which the informant Sears had paid $120 of the Bureau's funds. The appellant directed Sears to report as to each of two subsequent purchases from the same seller for which $250 was paid, that he had paid in each instance $300. The balance of $20 was to be accounted for by execution by Sears receipt for $20 which he did not receive. Sears complied with these instructions. We conclude that the evidence amply supports the Commission's findings and that the findings support its conclusion that the appellant was suspended for good cause as required by Section 803 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.803.

The appellant further contends that a Commission regulation to be found at 4 Pa. Code §105.3 and the requirements of procedural due process were offended by the asserted lack of specificity of the charge that "an ongoing investigation, [tended] to establish that you were involved in falsifying and concealing facts material to drug investigations and prosecutions." In *Benjamin v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 427, 332 A.2d 585 (1975), we wrote:

"Appellant first argues that the notices of suspension and removal failed to set forth the charges

against him with specificity sufficient to satisfy the requirement of due process, complaining of the absence of notice of specific times, dates and places of his alleged wrongdoings. While the suspension or removal notice must be framed in a manner which enables the employee to discern the nature of the charges and to adequately prepare his defense (*Begis v. Industrial Board of the Department of Labor and Industry,* 9 Pa. Commonwealth Ct. 558, 561, 308 A.2d 643, 645 (1973) ; *See* 4 Pa. Code §105.3), it need not be drafted with the certainty of a bill of indictment. *City of Pittsburgh Civil Service Commission v. Beaver,* 12 Pa. Commonwealth Ct. 353, 357, 315 A.2d 672, 674 (1974). Due process of law is afforded when the employee is informed with reasonable certainty of the substance of the charges against him, *Pittsburgh Press Employment Advertising Appeal,* 4 Pa. Commonwealth Ct. 448, 457, 287 A.2d 161, 166 (1972)."

We believe that, for the purposes of this suspension pending a continuing investigation, the notice sufficiently informed the appellant of the nature of the charges against him. We note further that the charges were sent May 16, 1974, that the first complaint of their inadequacy was made at the hearing conducted July 10, 1974 and that the only motion then made was that the appeal should be sustained, a form of relief which it would be improper for even a reviewing court to grant on the ground asserted. *Pennsylvania State Athletic Commission v. Bratton,* 177 Pa. Superior Ct. 598, 112 A.2d 422 (1955).

Finally, there is no merit to the appellant's contention that the record contains evidence sufficient to sustain his burden to prove his charge that the suspension was an act of discrimination against him as a former state police officer by a superior who assertedly disliked all state police officers.

336

## ORDER

And now, this 11th day of April, 1975, it is ordered that the appeal of Albert E. D'Amico be and it is hereby dismissed; and the order of the State Civil Service Commission sustaining the appellant's suspension is affirmed.