Glenmore Academy and George L. Koynok, Petitioners *v.* State Board of Private Academic Schools, Respondent.

Argued February 2, 1978, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*Charles F. Scarlata,* with him *Scarlata and DeRiso,* for petitioners.

*Patricia A. Donovan,* Assistant Attorney General, with her *Arlene J. Diosegy,* Assistant Attorney General, *Gerald Gornish,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, May 17, 1978:

Glenmore Academy (Glenmore) and George L. Koynok, its owner and director, appeal here from an order of the State Board of Private Academic Schools (Board) which refused to issue a new license to Glenmore for 1976-1977. It is a private academic school which has been in operation since 1958.

Glenmore was originally licensed to provide instruction for grades nursery through twelve and in addition to provide speech therapy and tutoring services. An Order to Show Cause why the Board should not revoke or suspend Glenmore's license was issued and a hearing was held thereon with testimony received as to alleged violations of the Private Academic Schools Act[1] (Act) and the Board's rules and regulations.[2] On

---

[1] Act of June 25, 1947, P.L. 951, *as amended,* 24 P.S. §2731 et seq.

[2] The Board's regulations are published at 22 Pa. Code §51.1 et seq.

The Order to Show Cause clearly listed the alleged violations, citing specifically the relevant laws and regulations. It noted that (1) there had been a violation of the Fire and Panic Act (Act of April 27, 1927, P.L. 465, as amended, 35 P.S. §1221 et seq.) and regulations pursuant thereto, including various safety requirements; (2) Mr. Koynok did not devote 50% or more of his time in the perfor-

December 3, 1976, the Board issued an Order that Glenmore not be given a license for the year 1976-1977, finding that Glenmore was in violation of numerous Board regulations and eight sections of two statutes relating to private academic schools.[3] Having considered Glenmore's petition for supersedeas, Judge BOWMAN of this Court granted supersedeas pending the outcome of this appeal. Glenmore contends that the Board's order was not based upon substantial evidence. It also alleges violations of due process.

Where there is a violation of or a failure to comply with any of the provisions of the Act or of the Board's regulations applicable to private academic schools, the Board may refuse to issue, suspend or revoke a license. *See* 24 P.S. §§2731-2760. The law is clear, however, that such an administrative proceeding is subject to the constitutional guarantees of due process, which we have held are afforded when:

(1) the 'accused' is informed with reasonable certainty of the nature of the accusation lodged against him, (2) he has timely notice and oppor-

mance of administrative or supervisory duties, as required under the regulations; (3) the premises, facilities and conditions failed to meet the proper educational standards; (4) teachers were employed who do not have private academic school certification and have not been approved by the Board; (5) incomplete and misleading information was furnished to the Board regarding the composition of its staff; and (6) misleading and/or false information was furnished in the Glenmore Brochure which advertised the school and the classes offered.

[3] The Board found the following violations: (1) that Mr. Koynok failed to meet the regulations concerning administrative and supervisory duties; (2) that Glenmore's catalog did not comply with the regulations inasmuch as it did not contain a complete and accurate statement of the curricula, educational programs and graduation requirements; and (3) that Glenmore's premises, equipment and facilities did not conform to the Fire and Panic Act and the Board's regulations pursuant thereto. It made no reference to the other alleged violations.

tunity to answer these charges and to defend against attempted proof of such accusation, and (3) the proceedings are conducted in a fair and impartial manner. (Citations omitted.)

*Begis v. Industrial Board of the Department of Labor and Industry*, 9 Pa. Commonwealth Ct. 558, 560-61, 308 A.2d 643, 645 (1973).

Glenmore argues that due process was not afforded here because the adjudication of the Board was based upon charges not contained in the Order to Show Cause, thus depriving Glenmore of notice and of the ability to defend. Our review of the record, however, indicates that the allegations upon which the Board's adjudication was based were clearly set forth in the Order to Show Cause and were accompanied by citations of the applicable statutes and regulations. While it is true that the Order to Show Cause included several other violations which were not referred to in the Board's final Order, there were none in the final Order which had not been included in the Order to Show Cause. We have previously held that for notice to be adequate it must at the very least contain a sufficient listing and explanation of any charges against the ''accused'' so that he can know against what charges he must defend himself. *Begis, supra,* 9 Pa. Commonwealth Ct. at 561, 308 A.2d at 645. We believe that the Order to Show Cause here accorded Glenmore adequate notice of the charges and sufficiently provided a basis for the Board's subsequent Order refusing relicensure.

Glenmore also alleges a deprivation of due process because the attorney who prosecuted the case submitted a document containing proposed Findings of Fact and Conclusions of Law to the Board without submitting them to Glenmore's attorney. The record indicates, however, that the document in question was

merely a summary of the closing statement which the prosecuting attorney intended to present at the hearing, which was, of course, attended by Glenmore's attorney. Glenmore was therefore aware of the contents of the document and in fact responded to them in its brief. Nor did the Board blindly accept the contents of the document, for the record reveals that some submitted findings were accepted and others rejected. The Board concedes that an administrative error was made in that a copy of this document was not sent to Glenmore's attorney, but it maintains that this in no way prejudiced Glenmore or denied it due process. We agree, and we must conclude that Glenmore was in no way prejudiced by the failure of the Board's counsel to serve this document upon Glenmore's attorney.

Glenmore further argues a deprivation of due process in that the Board allegedly was predisposed to revoke its license and that the hearing was held merely to satisfy statutory requirements. In support of this contention Glenmore points out that the Board had indicated in a previous Order that Glenmore, while relicensed for the periods 1974-75 and 1975-76, would be subject to close supervision because of a deficiency in evidence that its educational programs adequately complied with the Board's rules and regulations. Glenmore also submits minutes of a Board meeting held on July 14, 1976, at which the Board, upon receipt and consideration of an investigation memorandum indicating possible violations by Glenmore, directed an attorney to prepare an Order to Show Cause. Our Supreme Court has clearly held, however, that an agency has the right to make a preliminary review as to whether or not a case exists and then to turn the matter over to an attorney and investigative staff for further handling if it decides to do so. *State Dental Council and Examining Board v. Pollock,* 457 Pa. 264,

318 A.2d 910 (1974). This is what happened here, and Glenmore's due process rights were not thereby violated.

. Glenmore was accorded a fair hearing, it was represented by Counsel, it had full notice of the charges against it and it had full right and opportunity to defend. Substantial evidence was offered at the hearing before the Board in support of the numerous findings . as to Glenmore's violations of the various statutory provisions and regulations, all of which is thoroughly discussed in the Board's Order and opinion. We find Glenmore's arguments to the contrary to be without merit, and we have found no violations of due process by the Board.

We will, therefore, affirm the Order of the Board.

ORDER

AND Now, this 17th day of May, 1978, the Order of December 3, 1976, No. 1 Academic Board 1976, of the State Board of Private Academic Schools on the above-captioned matter, is hereby affirmed.