Chester Upland School District, Petitioner *v.* Gloria Brown and Joseph Madzelan, Respondents.

Argued June 11, 1982, before Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Leo Hackett, Fronefield and DeFuria,* for petitioner.

No appearance for respondents.

Opinion by Judge Craig, July 20, 1982:

Chester Upland School District petitions for review of a decision by the Secretary of Education which reversed its Board of School Director's action demoting Gloria Brown and Joseph Madzelan (employees) and remanded the case with directions to reconvene the demotion hearing to consider expert testimony on alternative approaches to budget reduction.

The district had notified the employees in June of 1980 that their positions as middle-school vice-principals were to be eliminated as a result of declining enrollment, economic conditions in the district and the realignment of administrative staff. Pursuant to

Sections 1151 and 1127 of the Public School Code of 1949 (Code),[1] the board held three meetings to consider testimony on the employees' appeal from the decision.

The employees then appealed the board's adjudication upholding the elimination of the positions to the Secretary of Education, who held that: (1) the board's decision was amply supported by the evidence and was not an arbitrary or capricious exercise of its discretion, and (2) the board considered the eliminations and reassignments individually on a consolidated basis, according the employees full opportunity to present their arguments without prejudice.

However, on review before the Secretary, the employees also claimed that they were denied a full and fair hearing because the board had sustained an objection to the testimony of their expert witness, who was not permitted to answer a question by the employees' counsel as to whether the budget cut could be accomplished in some other manner.

The Secretary of Education held that the exclusion of the proffered testimony "resulted in a detriment and unfairness to the [employees] in the presentation of their case to the School Board."

On the basis of his conclusion that the hearing did not meet the fundamental requirements of due process for demoted or dismissed professional employees, the Secretary remanded the case to the board with orders that the excluded testimony be heard.

Our scope of review is to determine whether or not an error of law was committed, constitutional rights were violated, or necessary findings of fact are unsupported by substantial evidence. *Nagy v. Belle Vernon Area School District*, 49 Pa. Commonwealth

---

[1] Act of March 10, 1949, P.L. 30, §§1151, 1127, *as amended*, 24 P.S. §§11-1151, 11-1127.

Ct. 452, 412 A.2d 172 (1980). Demoted employees contesting the board's action have the burden of proving it to be arbitrary, discriminatory or founded upon improper considerations. *Nagy, Lucostic v. Brownsville Area School District,* 6 Pa. Commonwealth Ct. 587, 297 A.2d 516 (1972).

Although the procedural requirements for demotion hearings under the Code must be strictly followed, *Jost v. Phoenixville Area School District,* 267 Pa. Superior Ct. 461, 406 A.2d 1133 (1979), we cannot hold that the board's ruling sustaining the district's objection to the question[2] created such a substantial

---

[2] The record indicates the following exchange:

Q. (Employees' counsel) Dr. Horowitz, would it be a correct assumption to make that based on all that you have heard in the hearings you have been through and tonight, and your examination and cross-examination or redirect examination, that it may well be in your expert opinion—that is all we are asking you to give the Board, the Board is now getting the benefit free of your expert opinion—that there may be an area that should be cut before an area having to do with direct impact on education, such as vice-principals in the middle schools, is cut?

MR. POLISCHUK [District's counsel]: I am going to object to the question.

MR. HACKETT [board]: Well, let me just say something. Mr. Wohlman, I didn't want to cut you off on redirect if it wasn't necessary, but I think your questions are cumulative. He has already answered these questions. He has specifically answered the question as to the budget situation, the impact of what you should do when it came to the question of cutting vice-principals; he has answered. His answer was, first, in my opinion, you should seek out other items in the budget which don't have an impact on structure. He has already answered that and the other questions. I am not going to have repetition of the questtions and answers again.

MR. WOHLMAN: Thank you, sir. I gather you are ruling in favor of the objection?

MR. HACKETT: Yes.

defect in the proceedings as to constitute a denial of due process.

The exclusion of the offered testimony was harmless, in that it would have been merely cumulative. Our examination of the record reveals that the employees' expert witness, Dr. David Horowitz, testified extensively on a variety of issues directly related to the validity of the district's decision to eliminate the positions.[3] Indeed, the board admitted, without objection, the following testimony:

> Q. (Attorney) If there were a situation—as you sat through in the preceding hearings and tonight, accepting the fact that we have to cut some dollars some place, would you believe in your opinion, would you recommend to this Board, a board of education who has the best interests of the children of this district at heart, that the best place, the best place to make a cut is in vice principalships at the middle school?
>
> A. I certainly would not advise them to do that. If I may, I would—
>
> Q. I would like you to.
>
> A. I would advise them, as I have done—and I have constructed school budgets and been very directly involved in their construction and their defense, as a matter of fact—I would advise them to seek out those items in the budget that do not—first seek out those items in the budget that do not have a direct and/or indirect relationship to instruction, to education.

The Secretary of Education recognized the extensive record established before the board, stating:

---

[3] Dr. Horowitz testified as to his opinion of the effect of the proposed elimination of the positions on the education of the students and the standardized test scores, and that such areas as supplies and equipment should be cut before those areas impacting on instruction.

We find on review of this extensive record that the School Board received a sufficient body of evidence to warrant its decision to abolish the positions in question in this appeal. Indeed, the record shows not only economic and enrollment justification for such action, but it further demonstrates a careful study and review of the situation by the administrative staff of the School District prior to recommending abolition of the positions to the School Board. While the record does contain some testimony which supports [the employees'] position, discretion is clearly vested in the School Board to determine which set of facts or opinions it chooses to accept.

Accordingly, the order of the Secretary remanding for admission of the excluded testimony is reversed, and the decision of the board demoting the employees is reinstated.

ORDER

Now, July 20, 1982, the order of the Secretary of Education dated May 8, 1981 in Teacher Tenure Appeal No. 20-80, is reversed, and the decision of the Board of School Directors of Chester Upland School District is reinstated.