630 A.2d 971

**POCONO WATER COMPANY, Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 30, 1993.

Decided Aug. 19, 1993.

42

Anthony C. Lomma, for petitioner.

Stanley E. Brown, Asst. Counsel, for respondent.

Before McGINLEY and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Pocono Water Company appeals from an order of the Pennsylvania Public Utility Commission assessing a $16,125 penalty against it for violating Section 1501 of the Public Utility Code (Code), 66 Pa.C.S. § 1501, and for violating a prior order of the Commission. The issues presented on appeal are whether the Commission violated Pocono's constitutional due process rights by imposing a penalty for violating a prior Commission order without first giving specific notice that a violation had occurred; whether the Commission erred by rendering a decision based upon a prior Commission order

which was not admitted into evidence; and whether the Commission acted arbitrarily and capriciously and abused its discretion by imposing substantial penalties upon Pocono for violating a prior Commission order.

Claudia Maldonado filed a complaint with the Commission alleging that she experienced lengthy water outages. An administrative law judge held a hearing on November 28, 1990 at which Maldonado testified that her home was without water service for several hours on June 16, 1990, and was again without water service between 7:00 or 8:00 a.m. until 1:00 or 2:00 a.m. every day from June 19 to July 7, 1990.

Joseph Bontrager, president of Pocono, testified that upon receiving complaints regarding low water pressure and outages, Pocono discovered and repaired a hole in one of the pipes in the well and a small leak in another pipe. In addition, Pocono discovered that several customers were running sprinklers and hoses despite its circulation of a water conservation notice. Bontrager further testified regarding an ongoing project to increase water storage for the area in which Maldonado lives which includes the construction of two 100,000–gallon storage tanks, two well houses, and two pump houses; and stated that Pocono experienced complications with respect to the plans and specifications it submitted to the Department of Environmental Resources and a local zoning board for this project. He explained that the problems experienced in June and July of 1990 were corrected and that the ongoing project is a long-term solution to lessen the chance of an outage occurring again.

The ALJ questioned Bontrager regarding a previous case before the Commission wherein it approved a settlement agreement which required Pocono to undertake and complete the project to which Bontrager had referred. In addition, the ALJ questioned Pocono's attorney regarding whether the construction of a utility facility such as a storage tank is subject to local zoning restrictions. The ALJ found in pertinent part that Pocono failed to begin construction of the water storage tanks on June 1, 1989 in accordance with terms of the settlement agreement and delayed construction of the tanks

by seeking a zoning variance and failing to obtain timely approval from the Department of Environmental Resources in violation of the Commission's prior order of April 21, 1989 approving the settlement agreement between Pocono and the Commissioner's office of trial staff and office of consumer advocate. He assessed a penalty against Pocono for failing to render reasonable service with adequate facilities in violation of Section 1501 of the Code and for failing to comply with the prior order. By order dated April 8, 1992, the Commission denied Pocono's exceptions and adopted the ALJ's decision.

On appeal to this Court, Pocono does not challenge the Commission's authority to consider Pocono's compliance with the prior order but argues that the Commission violated Pocono's constitutional due process rights by imposing a penalty for violating the order because it was not given notice prior to the hearing that compliance would be one of the issues before the ALJ. Pocono further argues that it did not violate the order because it merely required Pocono to begin construction of the project by June 1, 1989 and it had in fact begun construction of the project by that date.

This Court's scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or the Commission's findings and conclusions are not supported by substantial evidence. *Info Connections, Inc. v. Pennsylvania Public Utility Commission*, 157 Pa.Commonwealth Ct. 463, 630 A.2d 498 (1993). The constitutional guarantee of due process of law is equally applicable to administrative and judicial proceedings. *Begis v. Industrial Board of Department of Labor & Industry*, 9 Pa.Commonwealth Ct. 558, 308 A.2d 643 (1973). Where an administrative body has not afforded a fair hearing to a party, a remand for further administrative action is necessary for fulfillment of the administrative process. *Id.*

Due process in matters before the Commission requires that a party be afforded reasonable notice of the nature of the allegations against it so that the party can prepare a suitable defense. *Duquesne Light Co. v. Pennsylvania Public*

*Utility Commission,* 96 Pa.Commonwealth Ct. 168, 507 A.2d 433 (1986). Although the Commission may take notice of results it reached in other cases, the record must reflect that the parties had notice that the Commission would consider such evidence. *City of Erie v. Pennsylvania Public Utility Commission,* 41 Pa.Commonwealth Ct. 194, 398 A.2d 1084 (1979). This Court has held that the Commission violated due process rights when it assessed liability by determining an issue which the utility had not been afforded a reasonable opportunity to address at an evidentiary hearing. *Duquesne Light Co.*

■ The Commission admits that Maldonado had not alleged that the prior order was violated but nonetheless maintains that Pocono had adequate notice and should have anticipated the ALJ's consideration of compliance with the order because Maldonado alleged in her complaint that Pocono's parent company promised the community a 100,000 gallon water tank in 1989, and further alleged that the tank would have prevented the loss of services that she experienced. Although the nature of Maldonado's allegations put Pocono on notice that it would have to defend the adequacy and reasonableness of its service and therefore a possible violation of Section 1501 of the Code, her allegations fell short of notifying Pocono that it should prepare to defend its interpretation and actions with respect to specific requirements of the prior order. Therefore, when the ALJ sua sponte raised the issue of compliance with specific requirements of the prior order, Pocono was not afforded a reasonable opportunity to address details regarding requirements of the prior order or whether it had complied with that order which was never admitted into evidence.

By finding that Pocono had not complied with the order and then further penalizing Pocono for such noncompliance, the Commission violated Pocono's due process rights because it assessed liability after determining an issue which Pocono had not been afforded a reasonable opportunity to defend at the hearing. Accordingly, the order of the Commission is reversed and this case is remanded to the Commission for an

evidentiary hearing on whether Pocono violated a prior order of the Commission and, depending on its findings, reconsideration and/or recomputation of any penalty to be assessed against Pocono.

## ORDER

AND NOW, this 19th day of August, 1993, the order of the Public Utility Commission entered April 8, 1992 is reversed and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

McGINLEY, Judge, concurring and dissenting.

I concur with the well-reasoned rationale of the majority and write this dissent only to state my disagreement with the remand. Clearly the Commission violated Pocono's due process rights and I do not believe we should approve or salvage any part of the procedure utilized in this case. I would simply reverse.