**Rita SPENCE, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 5, 2011.
Decided Sept. 23, 2011.

Thomas W. Moore, III, Philadelphia, for petitioner.

Maribeth Wilt–Seibert, Assistant Counsel, for respondent.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Rita Spence (Claimant), a former employee of Verizon (Employer) who accepted a voluntary termination incentive plan offer, petitions for review from the Unemployment Compensation Board of Review's (Board) denial of benefits. Claimant asserts the Board erred when it found her ineligible for unemployment benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] (voluntary quit) be-

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S.

cause its order contained a fact wholly inapplicable to her case. We agree with Claimant that the erroneous finding in the Board's order calls into question whether the Board's decision pertained to Claimant. Therefore, we vacate and remand.

Claimant separated from her Employer after accepting an Enhanced Income Security Plan and One–Time Enhanced Incentive Offer (Incentive Package) that set forth financial payments to encourage voluntary termination.

Claimant applied for unemployment compensation (UC) benefits. In her questionnaire, Claimant stated Employer told employees the office would close and it would not guarantee her position. Claimant's office closed after her separation. The UC Service Center determined she voluntarily quit and denied her application.

Claimant appealed to a referee, asserting her office closed, and she did not think she would be transferred. She also complained of disparate treatment because others in the same situation received UC benefits. The referee held a hearing at which Claimant and an Employer witness testified. Claimant did not have counsel represent her at the hearing. The referee found Claimant did not face imminent and involuntary separation and did not find a necessitous and compelling reason for her leaving.

Claimant appealed to the Board, arguing that she had good cause to accept the Incentive Package and that she should have been treated as others similarly situated. The Board affirmed the Referee's decision and set forth the following order:

> The [Board] after considering the entire record in this matter, concludes that the determination made by the Referee is proper under the [Law]. *The Board specifically finds the claimant incredible that the father of her two young children could not watch the children while the claimant worked.* Therefore, the Board adopts and incorporates the Referee's findings and conclusions. . . .

Bd. Op., 12/28/10 (emphasis added).

■ Claimant filed a Petition for Review (PFR) to this Court.[2] In her PFR and her brief, Claimant objects to the Board's Order because it includes language "wholly unrelated to the appeal at issue."[3] PFR, ¶ 5; *see generally* Petitioner's Br. at 7–9.

It is well-settled that, in unemployment cases, the Board is the ultimate fact-finder, empowered to determine the credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Comp. Bd. of Review,* 752 A.2d 938 (Pa.Cmwlth.2000). The Board is thus empowered to add to or modify any referee's decision. Section 504 of the Law, 43 P.S. § 824; *Unemployment Comp. Bd. of Review v. Leonhart,* 24 Pa. Cmwlth. 196, 353 A.2d 925 (1976).

■ In this case, the Board elected to make a specific finding of fact in addition to the referee's findings. The Board's finding, however, directly conflicts with the facts of record.

§ 802(b).

2. In UC cases, our review is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact are supported by substantial evidence. *Renda v. Unemployment Comp. Bd. of Review,* 837 A.2d 685 (Pa.Cmwlth.2003).

3. Claimant also asserts she quit for a necessitous and compelling reason and is similarly situated to other former employees who currently receive UC benefits without challenge.

The sole case-specific finding in the Board's Order does not pertain to Claimant. Claimant is a single mother of one. Tr. of Test., 10/25/10, at 8. In contrast, the Order specifically characterized Claimant as a mother of two young children who needs to be home because the father could not watch them while she worked.

■ The Board made an invalid finding of fact. An invalid finding of fact that suggests a problem with the process afforded to a claimant may warrant remand to the fact-finder. *See generally Begis v. Indus. Bd. of Dep't of Labor & Indus.*, 9 Pa.Cmwlth. 558, 308 A.2d 643 (1973).

Unfortunately, the Board did not take the opportunity to clarify or explain this clear inconsistency in its brief. *See* Respondent's Br. at 3. Rather, the Board submits that since "this obvious error is, in essence an unnecessary finding, the Order affirming the Referee's decision need not be remanded and the Order is capable of being reviewed by this Court." *Id.* In support, the Board relies on *Hasely v. Unemployment Compensation Board of Review*, 123 Pa.Cmwlth. 45, 553 A.2d 482 (1989).

In *Hasely*, the claimant appealed to this Court in part because one of the Board's nine findings of fact lacked competent supporting evidence. We ruled that since the finding was not necessary to reach the result, the absence of supporting evidence did not compel reversal. Essentially, we held that an unsupported finding does not delegitimize an eligibility determination when the necessary findings are supported by competent evidence. The circumstances are readily distinguishable from those present here.

Claimant's appeal is not predicated upon a single erroneous finding that is unnecessary to the ultimate disposition. Claimant appeals because the Order appears wholly inapplicable to her case. Each of the Board's nine findings of fact in *Hasely* was specific to that claimant. Further, the claimant in *Hasely* did not challenge whether the order actually pertained to his claim, as Claimant does here. Thus, the Board's citation to *Hasely* as authority to avoid a remand does not assist this Court.

■ Although the finding set forth by the Board is not necessary to the conclusion regarding eligibility for benefits under Section 402(b), its inclusion calls into question whether the Board was reviewing the record pertaining to Claimant. Where nothing in the body of the Order references Claimant, and the single specific finding does *not* pertain to Claimant, we must remand to ensure due process. *Beddis v. Unemployment Comp. Bd. of Review*, 6 A.3d 1053 (Pa.Cmwlth.2010) (claimant is entitled to due process in UC proceedings); *see, e.g., Aluminum Co. of Amer. (Alcoa) v. Unemployment Comp. Bd. of Review*, 15 Pa.Cmwlth. 78, 324 A.2d 854 (1974).

We appreciate the great demands placed upon the Board, and we respect the decisions it achieves given its monumental caseload. Here, however, we must remand to the Board to ensure its order applies to Claimant. *Alcoa* (remanding in part based upon confusing notation on list). Accordingly, this Court vacates the Board's decision and remands to the Board to review the record in this case and resolve Claimant's appeal.

### ORDER

**AND NOW,** this 23rd day of September, 2011, the Order of the Unemployment Compensation Board of Review is **VACATED** and the case is **REMANDED** for a proceeding consistent with the foregoing Opinion.

Jurisdiction relinquished.