Emilio Riojas, Appellant v. Board of Licenses and Inspections Review of the City of Philadelphia, Appellee.

Argued October 4, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of three.

*Theodore Clattenberg, Jr.,* for appellant.

*Howland W. Abramson,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

*Stephen P. Ulan,* for amicus curiae, Northwest Tenants Organization, Inc.

OPINION BY JUDGE WILKINSON, October 21, 1976:

On March 30, 1970, a building in which appellant was a tenant was declared unfit[1] by the Department of Licenses and Inspections of the City of Philadelphia (Department). In November of 1970 the unfit certification was lifted and the landlord immediately attempted to·raise the rent. Appellant appealed the increase to the Philadelphia Fair Housing Commission, at which time the premises was reinspected and again found unfit.

The property was reinspected several times until March 23, 1971, when the Department's investigation showed violations no longer supported an unfit certification. Appellant contested the Department's lifting of the unfit certification before the Board of License and Inspection Review of the City of Philadelphia (Board) and now appeals the decision of the Court of Common Pleas of Philadlephia affirming the Board's decision which supported the action of the Department.

Testimony received by the Board on the issue of whether or not the necessary repairs had been made

---

[1] Pursuant to the Rent Withholding Act, Act of January 24, 1966, P.L. (1965) 1534, *as amended,* 35 P.S. §1700-1, a tenant living in a dwelling certified as unfit for human habitation may pay his rent into an escrow account. Philadelphia uses a point system assigning varying points for each violation, whereby any dwelling assigned in excess of 20 points is considered unfit.

was controverted. The Board determined appellant's dwelling was no longer unfit and, following a careful review of the record, we find an adequate basis to support such a conclusion. The owner of the premises testified as to repairs and the Board had before it the official reinspection reports of the Department.

Appellant contends the Board erred in not considering violations noted in the reports of earlier inspections of the property in question which were not included in the most recent inspection and which appellant contends have not been repaired satisfactorily. The Rent Withholding Act leaves to the Department the task of applying the concept "unfit for human habitation." *DePaul v. Kauffman*, 441 Pa. 386, 372 A.2d 500 (1971). The City of Philadelphia considers each inspection and each dwelling unit by itself.[2] There is no error in so doing. If additional violations exist appellant may request a re-examination or should have offered proof of their existence to the Board.

Appellant also objects to the absence at the Board's hearing of the department's inspector who made the inspection which was the basis for lifting the unfit certification. The Board was under no affirmative duty to produce any witness or evidence not requested by the parties before it. The Board had the authority to require the attendance of witnesses, Section 8-409 of the Philadelphia Home Rule Charter, and Section 5 of the Local Agency Law, Act of December 2, 1968, P.L. 1133, *as amended*, 53 P.S.

---

[2] It appears that appellant may desire to count violations in other parts of the building unrelated to him in assessing an excess of 20 points for certification of his dwelling. In an apartment building this interpretation would lead to the absurd result of rent withholding for well maintained apartments due to the improper repair of one unrelated unit in the same building which does not directly relate to the habitability of the entire building.

§11305, provides the right to reasonable examination and cross-examination. However, appellant, represented by counsel, did not request that the Board require the attendance and testimony of any witness. Absent the request of appellant, we do not find any duty on the part of the Board to advise appellant of potential witnesses.

Accordingly, we will enter the following

### ORDER

Now, October 21, 1976, the order of the Philadelphia Court of Common Pleas, dated January 6, 1976, affirming the decision of the Board of Licenses and Inspection Review of the City of Philadelphia and dismissing the appeal of Emilio Riojas, is hereby affirmed.