Budd Yesner, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued February 4, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Lawrence R. Scheetz,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, February 23, 1977:

This is the appeal of Budd Yesner, an unemployment compensation ·claimant, from an order of the Unemployment Compensation Board of Review affirming a referee's decision that the claimant was ineligible because he voluntarily quit his employment.

Mr. Yesner's employment seems to have ended as a result of a dispute in the Yesner family. Mr. Yesner says he was discharged at the instance of his grandfather; Mr. Yesner's aunt, the secretary of the family corporation, says that he refused to continue working unless he was given a $6000 motor vehicle.

In the brief filed in behalf of the claimant the sole issue raised is whether the claimant was denied reasonable examination and cross-examination at the referee's hearing, contrary to the provision of Section 32 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.32. The brief states that "[d]uring the hearing held in Philadelphia, the Claimant demanded the opportunity to cross-examine Mrs. Yesner, the witness for the employer. The Unemployment Compensation Referee, David D. Jones, denied Claimant's demand to cross-examine the witness." We have examined and re-examined the notes of testimony of the hearing referred to, (which notes, we add, appear to be a full, complete and unusually coherent record), and we find nothing which suggests that the claimant desired, much less demanded, the opportunity to cross-examine Mrs. Yesner or that the Referee denied him the opportunity to cross-examine her. We do find that the Referee at three separate times in the course of the hearing asked whether either party had anything to add for the record, and that in response to the first such inquiry the claimant testified at some length with Referee Jones's assistance. The final question asked at the hearing was the Referee's: "Is there anything else that either of you have that we have not covered?" And the final answer was claimant's "No."

At oral argument the claimant's counsel stated that the record would reveal that the Referee failed to comply with the regulation appearing at 34 Pa. Code §101.21, providing that the tribunal hearing an unem-

ployment compensation case where a party is not represented by counsel should advise him as to his rights, aid him in examining and cross-examining witnesses and give him every assistance compatible with the impartial discharge of its official duties. Our examination of the notes of testimony of the hearing conducted by Referee Jones convinces us that he indeed gave the claimant every assistance compatible with impartiality.

ORDER

AND Now, this 23rd day of February, 1977, it is Ordered that the appeal of Budd Yesner be and it hereby is dismissed and that the decision of the Unemployment Compensation Board of Review, made August 24, 1975, be and it is hereby affirmed.