385 A.2d 1329

**In the Matter of James L. ROSENBAUM, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1977.

Decided April 28, 1978.

94

Louis Lipschitz, Philadelphia, for appellant.

Michael J. Rotko, Philadelphia, for appellee, Special Judicial Investigation-Phila.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

A Petition for the Imposition of Discipline was filed on March 15, 1974, against appellant James L. Rosenbaum, an attorney practicing law in the city of Philadelphia. A special disciplinary court was appointed by the President Judge of the Philadelphia Court of Common Pleas. Following a hearing, the special disciplinary court concluded that appellant was guilty of unprofessional conduct, and an order was entered on March 4, 1976, censuring and reprimanding appellant for misbehavior unbecoming a member of the bar. This appeal followed.

In this appeal, appellant seeks reversal of the order of March 4, 1976, contending that the special disciplinary court erred in finding him guilty of unprofessional conduct because the Petition for the Imposition of Discipline did not give him due and proper notice of the charge. We agree.

The Petition for the Imposition of Discipline filed against appellant contained fourteen charges of solicitation. Appellant was accused of improperly soliciting various named clients and of falsely reporting otherwise in contingent fee agreements filed in the Court of Common Pleas.

At the conclusion of the hearing held on the Petition, the Special Disciplinary Court found as follows:

"The Court finds on the basis of the allegations set forth in the Petition, the answer filed by the respondent, the evidence submitted at the hearing, the arguments of counsel as set forth in submitted briefs, the Special Judicial Investigation failed to sustain its burden of proof to the fourteen charges of solicitation as set forth, but did sustain its burden of proof that the respondent was guilty of unprofessional conduct as to charges IV and V as set forth in the Petition for Imposition of Discipline."

Charges IV and V referred to by the Special Disciplinary Court were two charges contained in one paragraph of the Petition. That paragraph in its entirety alleged that:

"[Appellant has been guilty of solicitation in that he] On or about August 22, 1970, at the police station, 22nd and Hunting Park, Philadelphia, Pennsylvania, through an unknown male, solicited the retainers of VERTELL POTTS and DOROTHY JONES, with respect to claims arising out of an alleged automobile accident on or about August 22, 1970."

Even though the special disciplinary court found that the Special Judicial Investigation failed to sustain its burden of proof as to the solicitation allegations contained in charges IV and V as set forth in the Petition filed against appellant, it concluded that appellant was guilty of unprofessional conduct.

Although the court's opinion is silent concerning the conduct of appellant it found to be unprofessional, the parties agree that the conduct was not the solicitation charged in charges IV and V. Appellant was acquitted of solicitation. Rather, the parties agree, that the unprofessional conduct finding was based on testimony given by appellant himself,

in defending against the solicitation charges which testimony, according to appellee, indicated that appellant had a conflict of interest in representing the person or persons referred to in charges IV and V. Clearly those charges contain nothing from which it can be said that appellant received due and proper notice of a conflict of interest charge.

In finding the appellant guilty of an offense with which he had not been charged, the court clearly erred. *In Re Krehel*, 419 Pa. 86, 213 A.2d 375 (1965), involved a situation almost identical to the one before us. In that case an attorney was charged with unprofessional conduct in that he solicited and accepted a bribe. The trial court found the attorney not guilty of unprofessional conduct in soliciting or accepting a bribe but found the attorney guilty of unprofessional conduct based upon conduct not specified in the charges brought against him.

On appeal this Court, reversed stating:

"The Board made a finding that Krehel had neither solicited nor accepted a bribe, a finding expressly adopted by the court below. Inasmuch as the only charge against Krehel was a charge of accepting a bribe and inasmuch as that charge had not been sustained under the Board's findings that should have ended the matter. However, the Board made a further finding that Krehel had a personal bias and animosity against Ryan and concluded that Krehel should be disciplined for failing to disqualify himself as a member of the board of arbitration. This view of the matter was also apparently adopted by the court below despite the fact that Krehel had never been charged with unprofessional conduct upon this ground. In Maginnis's Case, 269 Pa. 186, 112 A. 555, we disapproved the practice of basing disciplinary action upon matters which had not been included in the formal accusation. In Maginnis we said: '. . .' but, more than this, we think neither this charge, nor the others not covered by the statement filed in support of the rule to disbar, should have been investigated for the purpose of making findings

against respondent—as the basis of his disbarment—without formally reducing the charges to writing, in order to give him due and proper notice thereof.' (269 Pa. at 195, 196, 112 A. at 558).

The Board and the court below erred in finding Krehel guilty of unprofessional conduct upon a charge of which he had not been formally accused."

In *Krehel*, even though the attorney had been charged with unprofessional conduct, we reversed because the guilty finding was based on a transaction other than the one that formed the basis of the original unprofessional conduct charge.

We therefore conclude that the court here erred in finding the attorney guilty of unprofessional conduct upon a charge of which he had not been formally accused.

There is no need to consider other issues raised.

Order reversed.

PACKEL, J., did not participate in the decision of this case.