Howard Stephen Goldberg, R.P., Pharmaceutical Center, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Pharmacy, Respondent.

Louis M. Goldberg, R.P., Petitioner *v.* Commonwealth of Pennsylvania, Department of State, State Board of Pharmacy, Respondent.

124

Argued October 4, 1979, before Judges CRUMLISH, JR., DISALLE and MACPHAIL, sitting as a panel of three.

David L. Creskoff, of counsel, Mesirov, Gelman, Jaffee, Cramer & Jamieson, for Howard S. Goldberg, R. P., appellant.

*Clarence D. Bell, Jr.,* with him, *Scott S. Berger,* for Louis M. Goldberg, R. P., appellant.

*Charles L. Ford,* Chief Counsel, with him, *Leona M. Smith,* Assistant Attorney General, *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 30, 1980:

The Pennsylvania State Board of Pharmacy (Board) revoked the pharmacy permit and license of Howard S. Goldberg and the pharmacy license of Louis M. Goldberg under Sections 5(a)(6) and 5(b) (4) of the Pharmacy Act,[1] finding:

1. That respondents had violated the rules and regulations of the Board in that they renewed prescriptions at an unreasonable time prior to the date when the contents of the previous prescriptions were to be consumed in violation of 49 Pa. Code §27.18(t).

2. That respondents violated Section 13 of The Controlled Substance, Drug, Device and Cosmetic Act[2] (Drug Act) by dispensing the controlled substance Dillaudid beyond the 14-day period to persons whom the practitioners had reason to know were drug dependent without confirming their admission in a drug rehabilitation program.

Louis and Howard Goldberg appeal. The order of the Board is vacated and the case is remanded for proceedings not inconsistent with this opinion.

Goldbergs first seek reversal of the Board's finding that they violated the Drug Act by contending that they did not receive due and proper notice of the allegation in the official citation.

---

[1] Section 5 of the Pharmacy Act, Act of September 27, 1961, P.L. 1700, *as amended,* 63 P.S. §390-5(a)(6), §390-5(b)(4).

[2] Section 13 of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-113(a)(13).

Due process requires notice to be given to an accused of the charges pending against him. To be adequate, the notice must at least contain a sufficient listing and explanation of any charges so that the accused may know against what he must defend. *Jacobs v. Department of Public Welfare*, 32 Pa. Commonwealth Ct. 101, 377 A.2d 1289 (1977).

The citations notifying the Goldbergs of the charges levied against them make no reference to a specific violation of the Drug Act. The Board now argues, however, that appellants had actual notice of the charge because the citations make reference to specific acts which form the basis of the violation. They point to paragraphs 4 and 5 of the citation which allege that appellants sold 481 tablets of Dillaudid to Greg Gatti between 8/7/73 and 8/31/73 and 300 tablets of the same drug to Anthony Dalla Buono between 8/12/73 and 8/30/73.[3]

While in some circumstances such notice might be sufficient to infer knowledge, in the instant case it is not. To constitute a violation of Section 13 of the Drug Act, the pharmacist must sell controlled substances to persons he knows or should know are drug addicted without confirming their admission in an approved drug rehabilitation program. The citation in question merely states that appellants sold an excessive quantity of Dillaudid to two persons during a three-week period. No reference is made to any knowledge on the part of the appellants of the buyers' drug addiction or that they had not confirmed the purchasers' admission in a drug rehabilitation program. As a result, it is insufficient to infer due and proper notice, *see Jacobs v. Department of Public*

---

[3] For purposes of this argument, the typographical error existing in this paragraph has been corrected to reflect the proper date.

*Welfare, supra,* and we therefore conclude that the Board erred in finding the appellants guilty of violation of Section 13 of the Drug Act, a charge with which they had not been formally accused. *See Matter of Rosenbaum,* 478 Pa. 93, 385 A.2d 1329 (1978).

The Goldbergs argue further that they have been denied notice of the acts which they allegedly committed because the dates of the drug sales which formed the basis of the charges were erroneous. They point to the citation of Howard Goldberg which refers to the sales as being made in 1974, whereas the citation of Louis Goldberg refers to the sales as occurring in 1975. In fact, the sales were made in 1973. The due process requirements of the constitution are fulfilled so long as the accused is made sufficiently aware of the charges against him so that he may have an adequate oportunity to prepare a defense. *State Dental Council and Examining Board v. Pollock,* 457 Pa. 264, 318 A.2d 910 (1974).

The citation in the instant case makes clear reference to the dates under investigation by the Board in paragraph 1 which paragraphs 4 and 5 refer back to. Further, the record discloses that although two typographical errors were made in the official citations, the appellants were not misled by these errors and were fully prepared to defend themselves against charges of those specific acts.

Moreover, we note that the litigation in this case was delayed for almost two years because of the recurring illness of Howard Goldberg, during which time appellants' counsel made no request for clarification of the dates in question. *See State Dental Council and Examining Board v. Pollock, supra.*

The third basis upon which the Goldbergs ask reversal is based on the Board's interpretation of Pharmacy Regulation 27.18(t),[4] which provides:

---

[4] 49 Pa. Code §27.18(t).

A pharmacist may only renew a prescription at a reasonable time prior to the time when the contents of the prescription shall be consumed according to the prescriber's directions.

The Board construed this to include the consecutive filling of new prescriptions for the same drug, to the same person, in the same dosage, from the same physician at an unreasonable time prior to the time when the contents of the previous prescriptions were to be consumed.

Appellants argue that the word "renew" as used in the regulation must be strictly construed so that it refers only to the refilling of old, previously filled prescriptions and may not be interpreted to prohibit a pharmacist from filling a new prescription. They add that the definition imposed by the Board "effectively changes the provision of the Code and legislates a new standard for the purpose of this case" not properly adopted or announced in advance. We cannot agree.

The conduct of the Goldbergs is clearly subject to Regulation 27.18(t). The regulation, in its simplest sense, forbids pharmacists from supplying controlled substances to persons on the basis of consecutive prescriptions prior to a reasonable time when the previous dosage should have been consumed according to the physician's orders. Whether a pharmacist does this by continually filling overlapping prescriptions for the same person, from the same physician, and for the same drug, in the same quantity and dosage or, by the continuous refilling of a prior prescription, is irrelevant; for the effect and activity is the same in all relevant respects. The section gives a clear description of what conduct is prohibited. This is sufficient to satisfy due process. *Pennsylvania State Board of Pharmacy v. Cohen,* 448 Pa. 189, 292 A.2d 277 (1972).

Appellants continue their argument asserting that the effect of the Board's interpretation is to unreasonably restrict a physician's right to orally instruct a patient to change the dosage. This also is without merit. The Act prohibits a pharmacist only from filling consecutive prescriptions or refilling prior prescriptions at an "unreasonable" time prior to the date when the dosage is to be consumed. When there is clear evidence that the drug was validly prescribed by a licensed physician for the purpose of legitimate medical treatment, the filling of the prescription is not at an "unreasonable" time.

Finally, the Goldbergs raise a procedural due process challenge to the Board's determination, contending that the roles of prosecutor and legal advisor to the Board were so joined as to deny them the right to a fair hearing and fair tribunal.[5] We must agree.

The crucial function in the prosecution and adjudication of administrative proceedings is in the resolution of disputed facts because the findings of fact emanating from administrative proceedings are subject only to limited appellate review. Therefore,

---

[5] Appellants also alleged an unconstitutional commingling of the adjudicatory and prosecutorial functions of the Board, asserting that the Board took part in the investigation, made the decision to prosecute, and exhibited actual bias.

First, there is no due process violation in the administrative structure where the prosecutorial and judicial functions are handled by distinct administrative entities with no direct affiliation. In the instant case, the functions were adequately separated. The initial investigation was conducted by the Federal Drug Enforcement Agency, the citation was prepared by the Bureau of Professional and Occupational Affairs, and the final determination or adjudication was made by the State Board of Pharmacy, no member of which participated in the actual decision to prosecute.

Second, review of the record reveals no actual bias on the part of any member of the Board, nor may such bias be inferred because of statements by Board members indicating an awareness of the facts. *Withrow v. Larkin*, 421 U.S. 35 (1974).

we must afford this process the broadest of constitutional protection and prevent even the possibility of unfairness. *Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong,* 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976).

In this instance, the legal advisor for the Board was attached to the same legal branch as the prosecuting attorney. Moreover he was the direct supervisor of the prosecuting attorney. The susceptibility in such procedure that the legal advisor for the Board will become involved in the prosecution and directly or indirectly prejudice the outcome of the case is obvious.

In *Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong, supra* at 302, 361 A.2d at 501, we held that two individuals both within the same branch of an administrative entity, one handling a prosecutorial function and the other separately handling an adjudicative function ''place us at the interface between a constitutionally permissible and a constitutionally impermissible commingling of prosecutorial and adjudicatory functions.''

In *Bruteyn Appeal,* 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977), we held that the prosecutor could not assume the role of providing legal advice to the hearing body and that such procedures were so susceptible to prejudice that even in the absence of actual prejudice, a remand for an untainted hearing is required in order to insure the integrity of the administrative process.

This case in our opinion crosses that threshold of permissible constitutional commingling put forth in *Thorp, supra,* and evidences the same susceptibility to prejudice apparent in *Bruteyn, supra.* Therefore, even without proof of actual bias, we must remand for a hearing not inconsistent with this opinion.

Accordingly, we

ORDER

AND Now, this 30th day of January, 1980, the order of the Pennsylvania State Board of Pharmacy revoking the pharmacy license and permit of Howard S. Goldberg and pharmacy license of Louis M. Goldberg is vacated and the case is remanded for a new hearing on the merits consistent with this opinion and due and proper notice to appellants of alleged violations of The Controlled Substance, Drug, Device and Cosmetic Act.

Judge DiSALLE concurs in the result only.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.