## Marion F. Bell, Appellant *v.* City of Philadelphia, Board of Pensions and Retirement, Appellee.

Argued April 6, 1984, before Judges DOYLE, PALLADINO and BARBIERI, sitting as a panel of three.

*Mark R. Cuker, Wapner, Newman & Associates,* for appellant.

*Ralph J. Teti,* Deputy Solicitor, for appellee.

OPINION BY JUDGE PALLADINO, July 18, 1984:

Marion F. Bell (Appellant), appeals from a decision of the Court of Common Pleas of Philadelphia County which affirmed the determination made by the City of Philadelphia, Board of Pensions and Retirement (Board). For the reasons set forth below we reverse the decision of the court below and remand the case to the Board for rehearing.

Appellant suffered injuries in two separate falls while at work, for which she filed a workmen's compensation claim. This claim was decided by our Court earlier[1] and is not before us today.

This appeal concerns Appellant's allegations of error in the Board's decision to deny her the opportunity to apply for service-connected disability retire-

---

[1] *Bell v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 156, 417 A.2d 273 (1980).

ment benefits. While the disability benefits sought by Appellant allegedly arise from the same set of facts which formed the basis for her workmen's compensation appeal, the sole issue before the Court at this juncture is whether or not the Board erred in refusing to allow Appellant to apply for such benefits.[2]

Appellant seeks reversal on two separate grounds. First, Appellant alleges bias at the Board level and second, Appellant claims the Board erred as a matter of law in finding that she should be barred from filing her application for disability retirement benefits *nunc pro tunc*. After due consideration of these arguments we agree with Appellant on the former and as such, need not address the latter.

Appellant applied to the Board for disability retirement benefits on April 24, 1981. The Board ordered that a hearing panel of three Board members should take testimony, gather evidence, and then make a recommendation to the full Board. The panel convened on July 10, 1981, and consisted of three regular Board members and the Executive Director of the Board, Anthony Witlin, Esq. It was Mr. Witlin who conducted the proceedings at the hearing; questioning

---

[2] Inasmuch as a full and complete record was made of the hearings before the Board, this Court's scope of review is identical to that used by the court below:

(b) Complete record.—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that provisions of Subchapter B of Chapter 5 . . . have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. 2 Pa. C.S.A. §754(b).

Appellant, ruling on matters of relevancy, as well as resolving questions of law. The panel subsequently voted 2-1[3] to recommend that the full Board deny Appellant the opportunity to apply for benefits.

The rub lies in the fact that Mr. Witlin, the Board's Executive Director who presided over the hearing panel, had represented the City of Philadelphia in the adversarial proceedings concerning Appellant's workmen's compensation claim; a claim based on the same set of facts which comprise the basis for Appellant's present action.

The court below reasoned that any commingling of the prosecutorial and adjudicatory functions would be cured by the "reasonable safeguards" employed to protect the Appellant's right to a fair and unbiased hearing, citing our decision in *Donnon v. Civil Service Commission of Downingtown,* 3 Pa. Commonwealth Ct. 366, 283 A.2d 92 (1971).

*Donnon* involved a borough solicitor who helped prefer charges against a borough police officer by advising the Civil Service Commission while presiding over the hearing. In remanding the case for a new hearing before the Commission, this Court held that absent a showing of actual bias it must be determined whether or not reasonable procedural safeguards existed to preserve the right to a fair and unbiased determination. Ironically, the procedural safeguards contained in *Donnon* are virtually identical to those utilized in the case at bar. These safeguards were held to be inadequate in *Donnon* and are similarly inadequate here. We find the language quoted from the lower court's opinion in *Donnon* particularly apposite:

> There is no showing on the instant record that the Borough solicitor participated in the ulti-

---

[3] Mr. Witlin did not vote in the panel's recommendation.

mate decision of the Commission. However, in a less restrictive sense, he did act in that capacity when he conducted the hearings for the Commission and therein ruled upon the admissibility of evidence and all other questions of a legal nature which were then presented. Whether he actually participated in the rendering of the ultimate decision is unimportant. At the time that decision was made he was in a position from which it was possible for him and his employer, the Borough, to have exerted influence upon it.

3 Pa. Commonwealth Ct. at 369-70, 283 A.2d at 94. The principle that judicial proceedings must not only be unbiased, but must also avoid the appearance of bias, is firmly entrenched in our law by a plethora of cases. *Commonwealth Coatings Corp. v. Continental Casualty,* 393 U.S. 145, 150 (1968); *Horn v. Township of Hilltown,* 461 Pa. 745, 747, 337 A.2d 858, 859-60 (1975); *Gardner v. Repasky,* 434 Pa. 126, 129, 252 A.2d 704, 706 (1969). This principle requires a rehearing without Mr. Witlin's participation.

We believe that, like *Donnon,* the proper remedy in the case before us is a remand for a new hearing before the Board, rather than a conclusive reversal of the determination made below.

### Order

And Now, July 18, 1984, the decision of the Court of Common Pleas of Philadelphia County on March 2, 1983, in the above-captioned matter, is reversed and remanded to the Court of Common Pleas of Philadelphia County with instructions to remand to the Board of Pensions and Retirement of the City of Philadelphia for further proceedings consistent with this opinion.

Jurisdiction relinquished.