510 A.2d 846

Philadelphia Board of Pensions & Retirement, Appellant *v.* Robert A. Amanto, Appellee.

Submitted on briefs December 10, 1985, to Judges ROGERS and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Ralph J. Teti*, Divisional Deputy City Solicitor, with him, *Barbara W. Mather*, City Solicitor, for appellant.

*Ben W. Joseph*, for appellee.

OPINION BY JUDGE MACPHAIL, May 30, 1986:

The Philadelphia Board of Pensions and Retirement (Board) appeals here an order of the Court of Common Pleas of Philadelphia County which reversed a decision of the Board and remanded the matter to the Board with instructions to enter an order granting Robert A. Amanto's application for disability benefits.[1]

---

[1] In *Board of Pensions and Retirement of Philadelphia v. Hodge*, 72 Pa. Commonwealth Ct. 59, 455 A.2d 1270 (1983), this

Mr. Amanto served as a Philadelphia City (City) police officer from December 6, 1965 to March 13, 1972. On August 14, 1970, Mr. Amanto's neck was injured when his patrol car was hit by a drunk driver who was trying to avoid arrest. Mr. Amanto was dismissed from the Police Department because of his injuries. The City denied Regulation 32[2] disability benefits. Mr. Amanto appealed this denial to the City's Civil Service Commission, the Common Pleas Court and then to this Court. We ruled that Mr. Amanto suffered from a service-connected disability and ordered the City to pay him Regulation 32 benefits, which are limited to a period of three years after the date of a City employee's injury. *See Smith v. Civil Service Commission, City of Philadelphia*, 53 Pa. Commonwealth Ct. 164, 174-75, 417 A.2d 810, 815-16 (1980).

On April 15, 1981, Mr. Amanto applied to the Board for disability retirement benefits, which differ

---

Court found that an order of a trial court remanding a case to the Board so that an appellant could be afforded a hearing was interlocutory and, hence, not appealable. The Court raised the issue, as we do here, *sua sponte*. In this case, however, we find that the order of the Common Pleas Court remanding the case to the Board with instructions to grant benefits amounts to a final appealable order. We do so in light of a line of workmen's compensation cases which hold that there are some exceptions to the rule that remand orders are interlocutory and, hence, unappealable. In *Barber v. Fleming-Raugh, Inc.*, 208 Pa. Superior Ct. 230, 222 A.2d 423 (1966), the Superior Court held that a remand order of a Court of Common Pleas which held that the findings of the Workmen's Compensation Appeal Board were not supported by legally competent evidence and which directed the board to find facts in accordance with the Court's opinion was an appealable order. We find the instant situation to be analogous.

[2] Regulation 32 was enacted to provide benefits for all employees of the City of Philadelphia in the event they were injured or disabled in the course of their public service. *See Smith v. Civil Service Commission of Philadelphia*, 53 Pa. Commonwealth Ct. 164, 167 n. 1, 417 A.2d 810, 812 n. 1 (1980).

from Regulation 32 benefits. The Board considered the application at an August 13, 1981 meeting. The Board voted five to four to deny Mr. Amanto's application.

Mr. Amanto then requested a hearing before the Board so that he could cross-examine the members of the Medical Panel who had submitted reports to the Board. A hearing was held before three members of the Board on August 23, 1983, although the Medical Panel members did not testify because the Board did not require them to do so. Mr. Amanto's attorney instead presented depositions from two of the members. The hearing panel voted two to one to recommend denial of Mr. Amanto's application.

On November 17, 1983, the Board voted four to three to deny Mr. Amanto's application for disability benefits. Mr. Amanto filed a timely appeal with the Common Pleas Court. That Court, in reversing and remanding, said:

> Briefly stated, the ultimate decision of the Board rested upon the key vote of Ralph Teti, Esquire. Because Mr. Teti participated in two capacities in the case at bar, i.e. as an advocate for the City and as a member of the Board, we hold that there has been an impermissable [sic] commingling of functions. See Schwartz v. Board of Pensions and Retirement, C.C.P. March Term, 1983, No. 1793 (White, J., August 16, 1984)[3]; Gold v. Philadelphia Commission on Human Relations, C.C.P. August Term, 1982, No. 2168 (White, J., June 15, 1984).
>
> As in Schwartz, supra, it is our opinion that the proper remedy is to merely disqualify Mr.

---

[3] This Court, in an opinion filed contemporaneously with this one, reverses and remands the Common Pleas Court's decision in *Schwartz. See infra* note 6 and accompanying text.

Teti's vote on the matter. Accordingly, we note that appellant would have been successful in the absence of the due process violation above-mentioned.

*Amanto v. Philadelphia Board of Pensions and Retirement,* (December Term, 1983, No. 2081 in the Court of Common Pleas of Philadelphia County Civil Trial Division, filed September 27, 1984), slip op. at 1. The Common Pleas Court then ordered the Board to grant Mr. Amanto's application.

Our review[4] of the record reveals that the Common Pleas Court correctly concluded that Mr. Teti's actions constituted an impermissible commingling of functions.

In *Kreiger v. Philadelphia Board of Pensions and Retirement,* 47 Pa. Commonwealth Ct. 131, 408 A.2d 170 (1979), a deputy city solicitor was counsel for the Board before a three member panel. He objected to questions put by Kreiger's counsel in direct examination of Kreiger's witnesses before the panel, and he cross-examined these witnesses. Later, when Kreiger's application for benefits came before the full Board, the depu-

---

[4] This Court noted in *Bell v. Philadelphia Board of Pensions and Retirement,* 84 Pa. Commonwealth Ct. 47, 478 A.2d 537 (1984) that our scope of review, where a full and complete record was made of the hearings before the Board, is the same as that prescribed for the Common Pleas Court's review:

> (b) **Complete record.**—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

Section 754 of the Local Agency Law, 2 Pa. C. S. §754.

ty city solicitor cast a deciding vote against her application. We held that in appearing as an advocate against Kreiger's claim before the hearing panel and in subsequently voting against her claim as a member of the Board, the deputy city solicitor violated Kreiger's due process rights because he impermissibly combined the roles of advocate and judge.

In the instant case, Mr. Teti served as counsel for the Board before the three member hearing panel. He cross-examined Mr. Amanto about the extent of his injuries, objective evidence of those injuries, the treatment he was receiving and the nature of his current employment.[5] Mr. Teti also entered an appearance at the deposition that Mr. Amanto's attorney took of Dr. Henry S. Wieder, who submitted the medical report to the Board which resulted in the Board's denial of benefits to Mr. Amanto. Mr. Teti later cast the deciding vote against granting Mr. Amanto benefits at a meeting of the full Board.

In *Bell v. Philadelphia Board of Pensions and Retirement,* 84 Pa. Commonwealth Ct. 47, 478 A.2d 537 (1984), we granted a remand where the Executive Director of the Board who presided over a panel of the Board hearing Bell's claim for retirement benefits had earlier represented the city in an adversarial proceeding concerning Bell's workmen's compensation claim based on the same facts which comprised her claim for retirement benefits. We held that the procedural safeguards in place before the Board were inadequate to protect claimant's right to a fair and unbiased hearing.

In the case *sub judice,* the record certified to us by the Board makes clear that Mr. Teti was one of the attorneys who represented the Board in proceedings con-

---

[5] Notes of Testimony from August 23, 1983 at 27-30; R.R. at 37b-40b.

cerning a federal civil rights action Mr. Amanto filed against the Board on November 17, 1981. The complaint attacked the medical report submitted to the Board by Dr. Wieder. The Board argues on this point that Mr. Teti was not counsel to the Board when the federal suit was initiated nor did he author the Motion to Dismiss. However, the Board admits that Mr. Teti did enter an appearance in the matter.

We reach the inescapable conclusion on the basis of *Kreiger* and *Bell* that prosecutorial and adjudicatory functions were improperly commingled in Mr. Teti. We reach this conclusion in the light of the oft repeated maxim that "judicial proceedings must not only be unbiased, but must also avoid the appearance of bias. . . ." *Bell* at 51, 478 A.2d at 539.

The Board attempts to persuade us to escape this conclusion by noting that the Philadelphia Home Rule Charter of 1971 mandates that the Law Department serve both as counsel to the Philadelphia Board of Pension and Retirement and as a full member of the Board. *See* Philadelphia Home Rule Charter §§3-803; 4-400(a), (b) and Ann. 1 and 2 thereto; 351 Pa. Code §§3.3-803; 4.4-400(a), (b). We see nothing improper about these provisions as long as the same *individual* does not serve both as an adversary to a claimant and as a voting member of the Board. *See Board of Pensions and Retirement v. Schwartz,* 97 Pa. Commonwealth Ct. 539, 510 A.2d 835 (1986).[6]

We do agree with the Board that the Common Pleas judge should not have merely disqualified Mr. Teti's

---

[6] In the *Schwartz* case, not only were the prosecutorial and adjudicatory functions not commingled in the same individual, but the facts of the case as presented to the Board were not in dispute, as they are in the instant case. The question presented to the Board in *Schwartz* was strictly one of law.

vote and remanded the case to the Board with instructions to enter an order granting Mr. Amanto's application for benefits.

In both *Kreiger* and *Bell* we remanded for proceedings consistent with the respective opinions. As Judge PALLADINO stated in *Bell*, "the proper remedy in the case before us is a remand for a new hearing before the Board, rather than a conclusive reversal of the determination made below." *Bell* at 51, 478 A.2d at 539.

We feel compelled to comment upon one of the other issues raised by Mr. Amanto's counsel which could affect the hearing upon remand.[7]

This Court held in *Kreiger* that if a party objects to the admission of a medical report into evidence, the Board should require the attendance of the author of such report to testify. Mr. Amanto's counsel did object to such admissions by letter to the Board dated January 6, 1983.[8] In that letter, counsel demanded the presence of Dr. Samuel C. Stein and Dr. Weider so that they could be cross-examined on their reports. The Board denied that opportunity, instead directing that the two doctors be deposed and then having the depositions entered into evidence before the Board.

We find that in the circumstances of this case depositions are a poor substitute for live cross-examination. Here, the behavior of the doctors in connection

---

[7] The Board asserts that because the Common Pleas Court based its decision on the commingling of functions issue alone we are now precluded from considering the other issues raised by Mr. Amanto's counsel in his brief presented to this Court. Our review of the record reveals that all of those issues were raised before the Board and before the Common Pleas Court. Mr. Amanto did not waive any issues, merely because the Common Pleas Court did not address them. We hold, therefore, that we are not precluded from considering any issues properly raised below and properly submitted to us in Mr. Amanto's brief.

[8] R.R. at 176b.

with medical reports entered into evidence is called into question. In such a situation, live cross-examination is essential in order to provide a fair hearing.

Accordingly, we remand this case for proceedings not inconsistent with this opinion.

ORDER

The order of the Court of Common Pleas of Philadelphia County at No. 2081 December Term, 1983, dated September 27, 1984 is vacated and the case remanded to that Court for further remand to the Philadelphia Board of Pensions and Retirement for proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.