510 A.2d 841

Benjamin B. Horsley, Appellant *v.* Philadelphia Board of Pensions and Retirement and City of Philadelphia, Appellees.

Argued April 8, 1986, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Thomas S. McNamara,* with him, *Philip L. Blackman, Abramson, Cogan, Kogan, Freedman & Blackman, P.C.,* for appellant.

*Kenneth Smukler,* Assistant City Solicitor, with him, *Ralph J. Teti,* Divisional Deputy City Solicitor, and *Barbara W. Mather,* City Solicitor, for appellees.

OPINION BY JUDGE CRAIG, May 30, 1986:

Benjamin B. Horsley appeals from an order of the Court of Common Pleas of Philadelphia County affirming a decision of the Philadelphia Board of Pensions and Retirement terminating his pension benefits. We affirm.

The employee worked for the City of Philadelphia from July 14, 1958 through September 30, 1978. Effective October 1, 1978, the employee began to receive pension benefits. On April 10, 1979, a federal grand jury indicted the employee on charges that he had conspired, while employed by the city, to violate the Hobbs Act, 18 U.S.C. §1951. On November 2, 1979, the employee entered a guilty plea to two of the six counts in the indictment. Those two counts of extortion involved building contractors doing business or wishing to do business with the City of Philadelphia while the employee had held the position of Housing Rehabilitation Specialist with the Urban Homestead Program.

In August 1983, the executive director of the board asked the city law department for "some guidance with regard to our continuance of payments" to the employee. A deputy city solicitor responded by memorandum and advised the board that the employee's guilty plea fell within section 217 of the Municipal Retirement System Ordinance and that the board therefore should immediately terminate his benefits. By letter dated September 1, 1983, the executive director of the board notified the employee that the board was suspending his pension benefits. The director stated that the board's decision was premised on an opinion from the city solicitor's office, indicating that the employee's guilty plea fell within the scope of the section 217 disqualification provisions.

The employee requested a hearing in accordance with the Local Agency Law, 2 Pa. C. S. §553, which was held on February 23, 1984. By letter dated February 28, 1984, the employee inquired whether the board considered itself bound by opinions of the city solicitor's office. By letter dated March 30, 1984, the director of the board indicated to the employee that, under section 8-410 of the Home Rule Charter,[1] the board was bound by the city solicitor's opinions.

By letter dated June 22, 1984, the board notified the employee of its adjudication[2] to sustain the suspension of his pension benefits under section 217 of the pension ordinance.

The employee challenges the trial court's affirmance of the board's decision on numerous grounds. The employee's two major contentions are (1) that the board unlawfully terminated the employee's pension benefits

_____

[1] Section 8-410 of the Philadelphia Home Rule Charter, 351 Pa. Code §8.8-410, provides, in part:

Section 8-410. Legal Advice and Services. Whenever any officer, department, board or commission shall require legal advice concerning his or its official business or whenever any legal question or dispute arises or litigation is commenced or to be commenced in which any officer, department, board or commission is officially concerned or whenever any taxes or other accounts of whatever kind due the City remain overdue and unpaid for a period of ninety days it shall be the duty of such officer, department, board or commission, to refer the same to the Law Department.

It shall be the duty of any officer, department, board or commission having requested and received legal advice from the Law Department regarding his or its official duty, to follow the same; and when any officer shall follow the advice given him in writing by the Law Department he shall not be liable in any way for so doing upon his official bond or otherwise.

[2] The letter was an adjudication because it comes within the definition set out in 2 Pa. C. S. §101.

under section 217 of the pension ordinance and, (2) that the board's adjudication, in the form of a letter dated June 22, 1984, violated the Local Agency Law.

*Pension Benefits Termination under Section 217*
*of the Municipal Retirement System Ordinance*

The city solicitor's office advised the board that the employee's guilty plea fell within the scope of section 217(a)(2), (3), (5), (6) of the Municipal Retirement System Ordinance, which provides:

Section 217. Disqualification

217.1. Notwithstanding any other provision of this Article, no employee nor any beneficiary designated by or for any employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of contribution paid into the Retirement System, without interest, if such employee

(a) pleads or is finally found guilty, or pleads no defense, in any court, to any of the following:

. . . .

(2) Acceptance of a bribe for the performance, or affecting the performance or for the non-performance of his official duties, or the offering or giving of a bribe to any other City employee or employee of the Commonwealth of Pennsylvania or of the United States for the performance or for the non-performance of his official duties;

(3) Engaging in graft or corruption incident to or in connection with his office or employment constituting a violation of the laws of the Commonwealth of Pennsylvania or the United States;

. . . .

(5) Malfeasance in his office or employment;

(6)   Engaging in a conspiracy to commit any of the foregoing; . . . .

The employee argues that he was not subject to the disqualification provisions because he was not an employee at the time of his guilty plea and subsequent conviction. Rather, because he was already receiving pension benefits under the pension ordinance, his status was that of a *retired member*, not an *employee*. The definition section of that ordinance provides, in part:

Section 201.   Definitions.   Unless a different meaning is plainly required by the context, the following words and phrases used in this article shall have the following meanings:

(a)   Employee.   Any elected or appointed officer or employee who is paid out of the Treasury of the City. . . .

. . . .

(g)   Retired Member.   Any retired employee of the City who is receiving or entitled to receive retirement benefits from any division of the Municipal Retirement System.

The employee argues that the language of the definitions section of the ordinance establishing those distinctions is plain and unambiguous and therefore must be given its plain and obvious meaning. However, the inclusion of the word *employee* as part of the definition of "Retired Member" is also plain and unambiguous.

The trial court deferred to the board's determination that the disqualification provisions applied to former employees, regardless of their retirement status, who committed disqualifying offenses in the course of their employment with the city. The trial court further applied this court's reasoning in *Chappell v. Pennsylvania Utility Commission*, 57 Pa. Commonwealth Ct. 17, 425 A.2d 873 (1981), that the legislature is not presumed to

have intended the absurd or unreasonable result of permitting a corrupt employee to resign and receive pension benefits before pleading guilty to a disqualifying offense. Accordingly, we agree with the trial court that the employee did not present cogent reasons to overturn the board's application of the disqualification provisions to retired employees who have committed disqualifying offenses in the course of their employment.

The employee also argues that the termination of pension benefits constituted an unlawful forfeiture of vested property rights and that he lost those benefits because he violated an implied contractual duty of faithfulness, a concept which the Supreme Court rejected in *Bellomini v. State Employee's Retirement Board,* 498 Pa. 204, 445 A.2d 737 (1982). In *Bellomini,* the court refused to apply newly enacted forfeiture provisions retroactively to retired employees already receiving pensions on the theory that there was an implied contractual duty of faithfulness. Here, the board applied express disqualification provisions to an employee whose entire employment career with the city had been subject to those provisions. Accordingly, because the employee forfeited his pension benefits because he violated an *express* contractual duty of faithfulness, his assertion of an unlawful forfeiture also must fail.

### *Lack of Findings of Fact and Conclusions of Law in the Board's Adjudication*

On February 23, 1984, the board held a hearing, at the employee's request, regarding the suspension of his pension benefits under section 217 of the pension ordinance. On June 22, 1984, the board notified the employee of its decision to sustain the suspension of his pension benefits under section 217 of the pension ordinance.

The employee challenges that adjudication as failing to comply with 2 Pa. C. S. §555, providing:

§555 Contents and Service of Adjudication.

All adjudications of a local agency shall be in writing, shall contain findings, and the reasons for the adjudication and shall be served upon all parties or their counsel personally, or by mail.

The employee argues that the board's failure to include findings or reasons supporting its adjudication "requires a reversal of the termination of benefits." We disagree.

The employee cites our decision in *Begis v. Industrial Board of Department of Labor and Industry*, 9 Pa. Commonwealth Ct. 558, 308 A.2d 643 (1973), to support his contention that the board's adjudication violated his due process rights. In *Begis*, the board's adjudication not only lacked findings and reasons supporting the adjudication, but the board there also failed to give the employee notice of the alleged charges against him and failed to inform him of his right to cross-examine witnesses at the hearing. That case is distinguishable from the situation here where the board advised the employee that it suspended his pension benefits because he committed disqualifying offenses under section 217 of the pension ordinance, and scheduled a hearing to allow him to challenge that decision. Although the board and the trial court failed to make formal findings of fact,[3] the facts here were never in dispute.

Because "the presence of written findings and reasons goes to the reviewability of an adjudication, not

---

[3] In determining that the absence of formal findings in the adjudication was not per se fatal, the court instructed the board to file formal findings and conclusions to be made part of the record should the employee appeal its order. The board has failed to submit findings and conclusions. The court's instruction to the board was a novel directive without legal warrant or practical value.

to its validity," *Madeja v. Whitehall Township,* 73 Pa. Commonwealth Ct. 34, 41, 457 A.2d 603, 607 (1983), the employee's due process argument fails here, where the reviewing court is necessarily aware of the undisputed facts and the reasons supporting the board's decision.

## *Due Process Questions*

The employee also argues that the board's actions violated his due process rights (1) because "of improper commingling of the board's adjudicatory and prosecutorial functions," and (2) because the board failed to provide a pre-termination hearing.

The city solicitor is a member of the pension board. An assistant solicitor acted as legal advisor to the board at the hearing but did not vote. Another assistant solicitor made the original recommendation to the board to suspend the employee's pension benefits. The employee argues that those various functions of the city solicitor's office violated his due process rights to a fair hearing.

The employee cites our decision in *Goldberg v. State Board of Pharmacy,* 49 Pa. Commonwealth Ct. 123, 410 A.2d 413 (1980), as dispositive. However, this court recognized in *Goldberg* that there is a "threshold of permissible constitutional commingling," and that the crucial function of administrative proceedings "is in the resolution of disputed facts . . . we must afford this process the broadest of constitutional protection and prevent even the possibility of unfairness." *Id.* at 129-130, 410 A.2d at 417. Here, the facts were undisputed. The only issue before the board was the applicability of the disqualification provisions to the employee—a legal conclusion subject to appellate review. The trial court correctly determined that the various functions of the city solicitor's office did not prejudice the employee as to infringe upon his constitutional rights.

Moreover, this court today has decided in *Board of Pensions and Retirement v. Schwartz,* 97 Pa. Commonwealth Ct. 539, 510 A.2d 835 (1986), involving an undisputed fact situation similar to the present case, that the various roles of the city solicitor's office did not constitute a commingling of functions invalidating the board's decision.

Although this court also has today decided that the city solicitor's office had improperly commingled functions before the same board in *Board of Pensions and Retirement v. Amanto,* 97 Pa. Commonwealth Ct. 550, 510 A.2d 846 (1986), that case is distinguishable from the situations presented here and in *Schwartz.* In *Amanto,* the assistant city solicitor appeared as an advocate against the claim in an evidentiary proceeding; he also served as counsel to the board panel, and he later voted as a member of the full board. However, in this case and in *Schwartz,* no fatal commingling occurred because the facts were undisputed, and the assistant city solicitor did not perform conflicting roles.

The trial court also addressed the employee's due process contention concerning the board's failure to provide him a pre-termination hearing. In applying the United States Supreme Court's interest analysis criteria in *Landon v. Plasencia,* 459 U.S. 21 (1982), the trial court weighed the employee's strong interest in maintaining his pension benefits against the risk of erroneous deprivation and, recognizing that the facts were undisputed, concluded that the risk of erroneous deprivation was negligible. Additionally, the trial court also recognized the city's interest in protecting its pension system from "unnecessary payments to dishonest or felonious employees to be legitimate and compelling" in correctly determining that due process did not require a pretermination hearing in this case.

## Conclusion

Accordingly, we must affirm the trial court's decision to uphold the board's termination of the employee's pension benefits.

### ORDER

Now, May 30, 1986, the order of the Court of Common Pleas of Philadelphia County, No. 1865, July Term, 1984, dated October 31, 1984, is affirmed.