## In re Anonymous No. 40 D.B. 88

[REDACTED]

Disciplinary Board Docket No. 40 D.B. 88.

[REDACTED]

HEH, *Member*, May 9, 1989 — Pursuant to rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

### HISTORY OF PROCEEDINGS

On or about June 15, 1982, the minor son of [   ] and [   ] [A] sustained serious injuries in an automobile accident. The [As] retained Attorney [B] to represent them. Attorney [B] assembled a file but was unable to continue to represent the [As]. Attorney [B] referred the [As] to respondent. Mrs. [A] gave the file to respondent, and he agreed to represent them on a 40-percent contingent fee, which was not reduced to writing. After the initial contact between the [As] and respondent, there was no

other contact for about two years. Sometime in the fall of 1985, respondent informed Mrs. [A] per telephone conversation that the "case was coming up in the fall." When the case was not disposed of in the fall, Mrs. [A] made repeated phone calls to respondent. Respondent did not return any of her calls. In February 1986, Mrs. [A] contacted Attorney [C], who sent a letter dated February 11, 1986 to respondent inquiring about the status of the [A] matter. Respondent did not reply to Attorney [C's] correspondence. In June 1987, Mrs. [A] went to respondent's office in an attempt to retrieve her file. Respondent informed her that he did not have the file, but respondent called Attorney [C] in Mrs. [A's] presence and represented he would send the [A] file to Attorney [C's] office the following week. Respondent failed to deliver the file to Attorney [C]. From the time of receipt of the file until the date of the hearing, respondent had taken no action in the matter, and failed to return the file.

Respondent did not file an answer to the petition for discipline within the prescribed period of time and the matter was referred to Hearing Committee [ ], consisting of [ ]. The hearing was held on August 18, 1988, as scheduled, at which time respondent was present and was represented by himself. The hearing committee filed its report on February 24, 1989 and recommended that respondent be suspended from the practice of law for not less than six months. No exceptions to the report of Hearing Committee [ ] were filed and the matter was adjudicated by the board at its April 9, 1989 meeting.

## FINDINGS OF FACT

The board adopts the findings of fact by the hearing committee which are supported by the record and are as follows:

(1) On June 15, 1982, [D], the minor son of [  ] and [  ] [A], all residing at [  ], was struck by an automobile and hospitalized for injuries arising from the accident.

(2) On June 23, 1982, [  ] and [  ] [A] engaged Attorney [B] of [  ] to represent their interest and that of their minor son in their claim for damages arising out of the minor's personal injury.

(3) Pursuant to his retention, Attorney [B] compiled a file containing photographs of the accident scene and the minor claimant, the police accident report, bills for treatment from medical providers and correspondence to and from doctors. Additionally, Attorney [B] made application for no-fault benefits on behalf of the minor and attended a summary hearing in [  ] at which the allegedly responsible third party was tried for reckless driving.

(4) On or about March 21, 1983, Attorney [B] corresponded with the [As] and advised them to obtain new counsel to represent them because he had sustained disabling injuries as a result of one or more accidents in which he had been involved.

(5) On March 25, 1983, Attorney [B] gave Mr. [A] the complete file and suggested the [As] consult respondent about future representation in the matter.

(6) Shortly after receiving the file, Mrs. [A] met with respondent at his office.

(7) Mrs. [A] engaged respondent to represent the [As] and their minor son upon the same contingent fee terms as the [As] had with Attorney [B] to be reduced to writing between respondent and the [As] at a later date.

(8) Respondent took possession of the [A] file.

(9) Thereafter, there was no contact between the [As] and respondent for about two years until Mrs. [A] informed respondent that her son was seeing a chiropractor.

278

(10) Respondent requested a report from the chiropractor.

(11) Sometime in 1985, [D] stopped at respondent's office and was informed by respondent that "in the fall" the case would be going to court.

(12) By telephone conversation at or about the time of [D's] visit to respondent's office, respondent informed Mrs. [A] that the "case was coming up in the fall."

(13) When the claim was not disposed of in the fall of 1985, Mrs. [A] made repeated unsuccessful attempts to contact respondent by telephone. Respondent was either unavailable or did not return her calls.

(14) In February 1986, Mrs. [A] contacted Attorney [C] of [    ] and engaged Attorney [C] to inquire about the claim. Attorney [C] wrote to respondent inquiring when the case had been filed, where and the status of the litigation.

(15) Respondent did not reply to Attorney [C's] correspondence.

(16) In June 1987, Mrs. [A] met with respondent after scheduling an appointment with respondent for her daughter, ostensibly to discuss a divorce, and appearing in place of her daughter.

(17) At that meeting Mrs. [A] demanded the file and when informed that he did not have the file or have it ready, refused to leave until respondent called Attorney [C].

(18) Respondent call Attorney [C] in Mrs. [A's] presence and indicated he would deliver the file to Attorney [C's] office the following Tuesday.

(19) Respondent did not deliver the file to Attorney [C].

(20) In November 1987, respondent met Attorney [C] at the courthouse in [    ] and upon request indicated he would mail the file to Attorney [C].

(21) On May 11, 1988, respondent again met

Attorney [C] at the courthouse in [    ] at which time Attorney [C] again asked for the file. Respondent indicated that he had mailed the file to Attorney [C], that it must have been lost in the mail but that he would send copies of the file to Attorney [C].

(22) Respondent failed to deliver the file to the [As] or Attorney [C] and retained possession of the file as of the date of hearing.

(23) Respondent did not file suit on the [A] claim(s) in [    ] County or elsewhere.

(24) From the time of receipt of the file until the date of the hearing respondent did nothing with the [A] claim except request a report from a chiropractor.

(25) The [As] have commenced suit against Attorney [B] and respondent in [    ] County, ostensibly for malpractice for permitting the statute of limitations to expire on the [A] claim(s).

## DISCUSSION

The Disciplinary Board has determined that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

(1) D.R. 1-102(A)(4) — dealing with conduct involving dishonesty, fraud, deceit, or misrepresentation;

(2) D.R. 6-101(A)(3) — neglect of an entrusted legal matter; and

(3) D.R. 7-101(A)(2) — intentional failure to carry out a contract entered into for professional services.

The board believes that the extensive disciplinary history of respondent warrants the imposition of a six-month suspension. Respondent has already received four informal admonitions and one private reprimand. Not only did these proceedings involve conduct similar to that charged in the petition for

discipline, in the present case, but respondent was specifically warned at his private reprimand on March 9, 1984, that he would be given "one last chance" before public discipline would be imposed. Nevertheless, respondent received yet another informal admonition on December 13, 1984, again for his failure to return a client's property. Moreover, the suit filed by the [As] against respondent is the second malpractice suit filed against him for his failure to file suit before the expiration of the statute of limitations.

In the instant case, the record clearly demonstrates that respondent violated Disciplinary Rule 1-102(A)(4). Not only did respondent fail to file suit on behalf of the [As], but he also represented to the [As] that the case would be "coming up" in court in the fall of 1985. Obviously, the case could not have been "coming up" at that time since respondent had never filed suit. This was a patent misrepresentation to deceive the [As] about the status of their claim.

The fact that respondent did nothing with the [A] claim from the time he received the file in 1982 until the hearing in 1988 is sufficient to support a finding that he violated Disciplinary Rule 6-101(A)(3), since he neglected the [A] personal-injury claim and allowed the statute of limitations to expire.

With respect to respondent's violation of Disciplinary Rule 7-101(A)(2), the board is satisfied by a preponderance of the evidence that respondent intentionally entered into a contract with the [As] for his professional services. Respondent testified at his disciplinary hearing that he was retained only to assist Attorney [B] and that he thought the case was "still [B's]." The board concurs in the hearing committee's finding that respondent's contention is meritless. First, both the testimony of Attorney [B] and his correspondence of March 21, 1983 totally negate

the possibility of such a misunderstanding. Second, if the case was indeed [B's] case with respondent only as an assistant, it is difficult to understand why respondent would make promises to both the [As] and Attorney [C] to relinquish the file to Attorney [B]. Additionally, respondent never informed the [As] of his limited participation or the alleged division of responsibility between himself and [B], nor did he mention the same to Attorney [C].

Finally, there is no documentary evidence of record either in the form of correspondence to Attorney [B] or the [As] or file notes to support respondent's contention.

It should be noted that Assistant Disciplinary Counsel asked the committee to consider respondent's conduct in failing to return the [A] file to them or to Attorney [C] as violation of Disciplinary Rule 9-102(b)(4) which requires a lawyer to promptly turn over upon request property in possession of the lawyer which the client is entitled to receive. However, while the facts of this case strongly support such a charge, the petition for discipline does not specifically charge respondent with a violation of that rule. Because it was not formally charged in the petition, the board may not consider the charge. *Matter of Rosenbaum,* 478 Pa. 93, 385 A.2d 1329 (1978); *In re Krehel,* 419 Pa. 86, 213 A.2d 375 (1965); *Maginnis's Case,* 269 Pa. 186, 112 Atl. 555 (1921).

## CONCLUSIONS OF LAW

(1) Respondent has violated Disciplinary Rule 1-102(A)(4) by misrepresenting to his clients the status of their personal-injury claim by indicating the claim would be "coming up" in court when in fact the case had not been filed.

(2) Respondent has violated Disciplinary Rule 6-101(A)(3) by neglecting the personal-injury claim of his client(s) and permitting the statute of limitations to expire upon the claim.

(3) Respondent has violated Disciplinary Rule 7-101(A)(2) by intentionally failing to carry out his contract of employment to provide professional services to his clients in their claim for damages arising out of personal injury by neglecting to pursue the claim and by failing to file the case. *In re Anonymous no. 81 D.B. 82,. 28 D.&C. 3d 729 (1984).*

## RECOMMENDATION

In light of the foregoing, the Disciplinary Board recommends that respondent, [ ], be suspended from the practice of law for not less than six months. Further, the Disciplinary Board recommends that [respondent] be directed to pay all the necessary expenses and costs incurred in these proceedings pursuant to rule 208(g), Pa.R.D.E.

Messrs. Keller, Gilbert and Douglas, having previously participated in this matter as members of a special board panel, did not participate in the adjudication.

## ORDER

And now, October 11, 1989, upon consideration of the report and recommendations of the Disciplinary Board dated May 9, 1989, it is hereby ordered that [respondent] be and he is suspended from the bar of this commonwealth for a period of two years, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to rule 208(g), Pa.R.D.E.

Mr. Justice Papadakos dissents and would issue a rule to show cause.